**FIRST SAVINGS & LOAN ASSOCIATION, a Hawaii savings and loan association; Federated Finance Co., Ltd.; Investors Finance Corp.; and Charter Financial Corp., Plaintiffs,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF HAWAII, a federal corporation; Federal Savings & Loan Insurance Corporation, an instrumentality of the United States, in its capacity as an insurance corporation, and in its capacity as Receiver of First Savings and Loan Association; United States of America; Federal Home Loan Bank Board, an instrumentality of the United States; Jay Janis, member of Federal Home Loan Bank Board; John H. Dolton, member of Federal Home Loan Bank Board; Andrew DiPrete, member of Federal Home Loan Bank Board; Lawrence Hayes, Gerald L. Reese; Tany S. Hong, individually and in his capacity as Director of Regulatory Agencies and Bank Examiner, State of Hawaii, and in his capacity as Receiver of First Savings and Loan Association; and Mary Bitterman, in her capacity as Director of Regulatory Agencies and Bank Examiner, State of Hawaii, and in her capacity as Receiver of First Savings and Loan Association, Defendants.**

Civ. No. 81–0155.

United States District Court,
D. Hawaii.

Jan. 21, 1982.

Randolph R. Slaton, Honolulu, Hawaii, for plaintiffs.

Steven H. Levinson, Diane D. Hastert, Honolulu, Hawaii, for First Federal Sav. & Loan of Hawaii, FSLIC and FHLBB.

James H. Dannenberg, Deputy Atty. Gen., Honolulu, Hawaii, for defendants Hong and Bitterman.

Jeffrey M. Werthan, Asst. U. S. Atty., Honolulu, Hawaii, for defendants U. S. A., Janis, Dolton, DiPrete, Hayes and Reese.

## DECISION

CLAIBORNE, Chief Judge.

This is a suit initiated by the First Savings and Loan Association, two of its former shareholders, Investors Financial Corporation and Charter Financial Corporation, and a pledgee of First Savings stock, Federated Financial Company.

The Defendants are the United States, the Federal Savings and Loan Insurance Corporation, referred to hereinafter in this decision as FSLIC; and the Federal Home Loan Bank Board will be referred to throughout this decision as FHLBB; the former Bank Board Chairman Jay Janis; the Bank Board members John Dolton, Andrew DiPrete; the FSLIC Associate Gener-

al Counsel Lawrence Hayes; Gerald Reese, the FSLIC Chief Asset Management Division; the Hawaii Attorney General Tany Hong; the Hawaii Regulatory Agency Director Mary Bitterman, and the First Savings and Loan Association of Hawaii.

The Defendants United States, Jay Janis, Dolton, DiPrete, Hayes and Reese have brought a motion to dismiss or, in the alternative, a motion to quash returns of service.

It appears on or about January 10, 1980, the State of Hawaii, through Tany Hong, the Director of Regulatory Agencies of Hawaii, imposed certain restrictions on First Savings in reference to the face amounts of the certificate accounts. On February 14, 1980, FSLIC took similar actions through a cease and desist order. On February 25, 1980, Hong and FSLIC Counsel Hayes secured a co-appointment of Hong as receiver for First Savings.

On the very same day, FHLBB, through members Janis, Dolton and DiPrete, appointed FSLIC as receiver of First Savings and Reese as a special representative. As co-receivers, Hong and FSLIC then sold the assets of First Savings to First Federal.

First Savings filed a complaint on February 26, 1980, alleging various state and federal violations stemming from alleged conspiratorial conduct of Hong and FSLIC. An amended complaint was then filed on February 28, 1980, and a second amended complaint was then filed and denied. On May 7, 1981, the present complaint was filed which added some new Plaintiffs and some new Defendants and several new causes of action.

Defendants United States, Janis, Dolton, DiPrete, Hayes and Reese have filed motions to dismiss and to quash the service. The individual Defendants Dolton, DiPrete and Hayes were served by mail. Reese has filed an affidavit that he was not personally served, as stated during arguments on this motion. I believe that it was stated during arguments that Reese was not personally served. This position was vigorously maintained by counsel for Defendants, and I believe this statement is true. There is absolutely no basis for in personam jurisdiction by mail service. So the motion to quash service as to the individual Defendants is hereby granted.

Now, furthermore, were I to hold that mail service of these Defendants establishes in personam jurisdiction, the complaint nevertheless still fails to state a claim against these Defendants upon which any relief could be granted.

Paragraphs 4 and 7, which have been designated as nonconstitutional claims, do not allege diversity required by Section 1332(a) of Title 28. Furthermore, these Defendants would enjoy absolute immunities to such claims as alleged in paragraphs 3 and 7. The Count II claims of violation of antitrust laws are untenable.

The Count III claims of civil rights violations should be dismissed since it is clear on its face that the Defendants were acting under color of federal and not state law.

The conspiratorial claims, as alleged in I and III, are such broad conclusions that they could not with the wildest imagination, in my opinion, be said to state a claim upon which any relief could be granted.

The Defendants Federal Savings and Loan Insurance Corporation, Federal Home Loan Bank Board, First Federal Savings and Loan Association of Hawaii, pursuant to Federal Rules of Civil Procedure, rules 12(c) and 56, move this Court for an order granting judgment on the pleadings in their favor or, in the alternative, for summary judgment upon the following grounds:

One, that the complaint hereby constitutes a suit against the United States, to which the United States has not consented.

Two, that this Court lacks jurisdiction over the subject matter of the complaint.

Three, that the complaint is barred under the doctrine of res judicata and collateral estoppel.

And four, that the verified complaint fails to state a claim against the Defendants Federal Savings and Loan Insurance Corporation, Federal Home Loan Bank Board, and First Federal Savings and Loan Association of Hawaii upon which relief can be granted.

I will first take up the Defendants' claim that the claim is barred under the doctrine of res judicata and collateral estoppel.

On August 4, 1981, Judge King entered an order dismissing the claims against Federal Savings and Loan Insurance Corporation and First Federal Savings and Loan Association of Hawaii as well as a judgment in *First Savings and Loan v. First Federal Savings and Loan Association*, 531 F.Supp. 251 (D.Hawaii, 1981).

As a consequence of the order and judgment, Judge King ordered and adjudged dismissal of the damage claims against First Federal Savings and Loan Association of Hawaii for failure to state a claim upon which relief can be granted; and all claims against the Federal Savings and Loan Corporation and First Federal Savings and Loan Association of Hawaii were thereby dismissed.

■ The Defendants now argue that *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210, supports the proposition that collateral estoppel and res judicata are applicable to the case now before the Court. The obvious interpretation of *Montana* is that the doctrine of res judicata. and collateral estoppel only applies to prior adjudications on the merits of the claim and where an issue has actually been determined; therefore, the instant case cannot be barred by the related action, that is, Civil No. 80–0090, because that case was dismissed for the failure to state a claim upon which relief can be granted.

I hold that a dismissal pursuant to Rule 12(b)(6) merely goes to the form of the pleadings and the adequacy and sufficiency of the complaint, and it stops there. The prior suit does not act as a bar to the instant case as it was neither an adjudication on the merits nor a determination of any legal issue. Rather, as I have said, the prior claim was dismissed for insufficiency in the pleadings which would render the doctrine of res judicata and collateral inapplicable.

The Defendants further argue that since Federated, Investors and Charter are priv-ies of First Savings, the doctrine of res judicata and collateral estoppel attach. Defendants rely on *Cramer v. General Telephone and Electronics*, 582 F.2d 259 (3rd Cir. 1978). I find certain distinguishable features in *Cramer* to the case now before the Court. Primarily that, in *Cramer*, the first suit, the corporation prevailed, and, the second suit was a derivative action brought by one of the stockholders of the corporation.

The case of *Blonder-Tongue v. University Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 I believe applies with equal force to the case now before the Court. There the Supreme Court held that some of the litigants—and they are speaking of those who never appeared in prior action—may not be collaterally estopped without litigating the issue. They never had a chance to present their evidence and arguments on the claim, and so, therefore, due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.

■ I therefore, conclude that Federated, Investors and Charter are not barred by res judicata nor collateral estoppel since they never appeared in the prior action and did not have a chance to litigate their claim.

■ The Defendants' argument that their alleged status as privies of First Savings bars their claim is, in my opinion, unreasonable. Privity is not established by the mere fact that persons may happen to be interested in the same question or in proving the same state of facts. A party privy is one who is directly interested in the subject matter and had a right to make a defense or to control in some way the proceedings and to appeal from the judgment.

True, all the Plaintiffs were interested in the subject matter of the first suit, but Federated, Investors and Charter nevertheless had no right to make a defense. They in no way controlled the proceedings or any part thereof and they had no right to appeal from the prior judgment; so they are not barred under the doctrine of collateral estoppel.

■ As to the Count II allegations, the Plaintiff alleges that the conduct of FSLIC, FHLBB and First Federal violates federal and state antitrust laws. I need look no further than *Eastern Railroad v. Noerr*, 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464, to determine the untenableness of these allegations, since the Supreme Court held that alleged acts of restraints of trade and monopolization, which result in government activities performed by government agents pursuant to statute, do not constitute violations of antitrust laws.

On February 25, 1980, pursuant to 12 U.S.C. §§ 1464(d)(6)(A) and 1729(d), FHLBB determined that grounds for the appointment of a receiver for First Savings existed and thereupon they appointed the FSLIC receiver of First Savings, that is, effective upon the closing of First Savings by or under the law of the State of Hawaii.

Resolution 80–114, which is found in the record as Exhibit C, reflected the grounds determined in the actions taken by FHLBB in appointing the FSLIC as receiver for First Savings. Thereafter, upon its appointment, FSLIC took possession of the assets and the liabilities and business and property of First Savings and Loan and then sold them to First Federal.

By virtue of its appointment as receiver, the FSLIC acquired all of the powers of the members, directors and officers of First Savings except one, and that was pointed out by the Defendants' counsel in their argument, and that is the power under Title 12 of United States Code, Section 1464(d)(6)(A), to bring an action in the District Court for an order requiring the Board to remove such receiver. The limited nature of the power of an association in receivership to initiate or prosecute a suit is evidenced by the plain language of 12 U.S.C. § 1464(d)(6)(A). It is further evident from the language of § 1464(d)(6)(C) of Title 12, which is also incorporated in 1729.

■■ So it can be said without any fear of dispute that Section 1464(d)(6)(C) of Title 12 complements 12 U.S.C. § 1464(d)(6)(A) and makes it absolutely clear that no suit can be entertained and no relief affecting the powers and functions of a receiver may be sought or accorded other than under the provisions of § 1464(d)(6)(A) of Title 12.

That an association in receivership loses all power to initiate suits or prosecute claims except, as I said, falling within the scope of § 1464(d)(6)(A) of Title 12, is also confirmed by the regulations issued by FHLBB and set forth in Defendants' brief entitled "Receivers for Insured Institutions Other Than Federal Savings and Loan Associations," which is 12 C.F.R.

The specific language of both the statutes and regulations clearly establish that upon the appointment of FSLIC as the receiver of First Savings, the members, officers and directors of that association, save and except with the one exception that I mentioned, lost all power to institute or prosecute or maintain any legal claim or proceedings whatsoever on behalf of the association.

The exception heretofore mentioned by the Court is that the association may within 30 days bring an action in the United States District Court for the judicial district in which the home office of such association is located for an order requiring the Board to remove the receiver.

The complaint in this case seeks such an order, but the claims for declaratory and injunctive relief and for money damages exceed the boundaries of the statutes and regulations; and it constitutes an attempt by the members, officer or directors of the association in receivership to exercise powers which they do not have.

I think it is clear that case law establishes, therefore, that officers and directors of a business entity loses all of its powers concerning the property, the business, and its assets while in receivership.

The provisions of 12 U.S.C. § 1464(d)(6)(A) and the regulations promulgated under 12 U.S.C. §§ 1725 and 1729, as well as the case law dealing with receivership, including Judge King's order in Civil No. 80–0090, make it clear that only a receiver may institute, prosecute or maintain

claims on behalf of any association placed in receivership. Therefore, I hold that First Savings had no right or power to assert the claims for declaratory and injunctive relief and for money damages set forth in the complaint, since they are in fact claims of the association which are beyond the authority granted by 12 U.S.C. § 1464(d)(6)(A).

The Plaintiff Investors, an alleged stockholder of First Savings, Plaintiff Charter, an apparent former stockholder of First Savings, Plaintiff Federated, an alleged pledgee of most of the common stock of First Savings, each assert claims against the Defendants arising out of alleged injuries to the Plaintiff First Savings. The law is clear that these Plaintiffs lack the legal standing so to do.

The rights being asserted by the Plaintiffs, that is, Investors, Charter and Federated, are clearly derivative of those of the Plaintiff First Savings. Accordingly, their rights and claims for relief can be no more extensive than those of Plaintiff First Savings. As I have stated, Plaintiff First Savings has standing only to seek the statutory relief accorded by 12 U.S.C. § 1464(d)(6)(A) and (C). It lacks standing to bring the instant claim for declaratory and injunctive relief and for money damages against the Defendants.

It would naturally follow that the Plaintiffs Investors, Charter and Federated likewise lack standing to assert the same claims set forth in the complaint for declaratory and injunctive relief and for money damages.

Consequently, the Defendants FSLIC, FHLBB and First Federal Savings and Loan are entitled to judgment on the pleadings with respect to all claims being asserted against them by the Plaintiffs Investors, Charter and Federated.

The Plaintiffs also seek an order removing the FSLIC and the FHLBB from any roles each may have as a receiver of First Savings. Now, as I have already stated, this relief is authorized pursuant to the terms of 12 U.S.C. § 1464(d)(6)(A), and this remedy is made exclusively pursuant to the terms of § 1464(d)(6)(C).

Pursuant to the terms of § 1464(d)(6)(A), and as Judge King recognized in his judgment in Civil No. 80–0090, an action for an order requiring the FHLBB to remove the FSLIC as receiver must be brought within 30 days of the appointment of that receiver of First Savings on February 25, 1980, at approximately 4:00 p. m. (paragraph 21 of the complaint.)

The Plaintiffs' complaint in the instant matter, however, was not filed until May 7, 1981. Now, that is over 13 months beyond the 30-day deadline imposed by 12 U.S.C. § 1464(d)(6)(A). The question now arises as to whether the 30-day time period set forth in 12 U.S.C. § 1464(d)(6)(A) is in the nature of a statute of limitations, and, moreover, whether the Plaintiffs' failure to commence the instant action seeking an order removing the FSLIC as receiver of First Savings within 30 days of the FSLIC's appointment as receiver constitutes a jurisdictional bar to the instant action.

In this regard, I find that where federal statutes create a new right of action and then prescribe a time period within which that action is to be brought, any failure to commence the action within the applicable time period extinguishes the right itself and divests the federal court of any subject matter jurisdiction which it otherwise might have. See *Fenton v. Citizens Savings*, 400 F.Supp. 874 (C.D.Mo.1975); *Cleveland v. Douglas Aircraft*, 509 F.2d 1027 (9th Cir. 1975); and *Park County, Montana v. United States*, found at 454 F.Supp. 1, 2 (D.Mont.1978).

In *Fenton*, the Court carefully explained why the time period contained in the statute was not merely a statute of limitations but also a jurisdictional requirement. Statutes of limitations are distinguished from statutes which create a right of action not existing at common law and restrict the time within which an action may be brought to enforce the right. "A true 'statute of limitations' extinguishes only the right to enforce the remedy and not the substantive right itself; where limitation or

time for commencing an action under a statute creating a new right enters into and becomes a part of the right of the action itself, it is a limitation not only on the remedy but also the right itself." The right to recover depends upon the commencement of the action within the time limits set by the statute; and, if that period of time is allowed to elapse without the institution of the action, the right of action is gone forever.

Therefore, it is clear the Plaintiffs' failure to commence an instant action for an order directing the FHLBB to remove FSLIC as receiver of First Savings within 30 days of the appointment of the receiver results both in the instant action being time-barred pursuant to principles applicable to traditional statutes of limitations and in the extinguishment of First Savings' right to bring the action under Section 1464(d)(6)(A) of Title 12.

Accordingly, it is the ruling of this Court that I lack jurisdiction over the subject matter of the instant complaint, and the Defendants FSLIC, FHLBB and First Federal are entitled to judgment on the pleadings in connection therewith.

On February 25, 1980, FHLBB, pursuant to 12 U.S.C. §§ 1464(d)(6)(A) and 1729(c)(2), made a determination that grounds existed for the appointment of the receiver for First Savings, and so they appointed FSLIC receiver of First Savings effective upon the closing of First Savings by or under the laws of the State of Hawaii. FSLIC, as I said before in this opinion, took possession of the assets, liabilities, business and property of First Savings and then sold them to First Federal.

12 U.S.C. § 1729(c)(2) provides that "In the event the Federal Home Loan Bank Board determines . . . an insured institution (other than a Federal savings and loan association) has been closed by or under the laws of any State . . . the Board shall have exclusive power and jurisdiction to appoint the Corporation [FSLIC] as sole receiver for such institution. . . ."

Section 1729(c)(3) provides that in any case where the FSLIC has been appointed receiver of an insured institution pursuant to 12 U.S.C. § 1729(c)(2), that the FSLIC ". . . shall have authority to liquidate such institution in an orderly manner or to make such other disposition of the matter as it deems to be in the best interests of the institution, its savers, and the Corporation." In connection with the liquidation of such institution, the language "the court or any other public authority having jurisdiction over the matter in subsection (d) of this section" shall mean said Board, that is, FHLBB.

12 U.S.C. § 1729(d) referred to in the last sentence of 12 U.S.C. § 1729(c)(3), provides that in connection with the liquidation of insured institutions in default, the FSLIC shall have power to do all things that may be necessary in connection therewith, subject only to the regulation of the court or other public authority having jurisdiction over the matter.

The Defendants question whether this Court has jurisdiction over the subject matter of the Plaintiffs' action to cease to interfere with actions taken by the FSLIC as receiver to First Savings, that is, subsequent to its appointment by the FHLBB and pursuant to 12 U.S.C. § 1729(c)(2) and in accordance with the powers enumerated in 12 U.S.C. § 1729(c)(3) and (d).

In this connection, it should be noted that in paragraph 1 of the complaint, the Plaintiffs assert as basis for subject matter jurisdiction not only 28 U.S.C. § 1331 (federal question jurisdiction) and § 1337, jurisdiction relating to acts of Congress regulating commerce, but also 12 U.S.C. § 1730(k) and (1), which delineates the jurisdiction of the United States district courts over actions in which the FSLIC is a party.

Defendants FSLIC, FHLBB and First Federal Savings contend that the case of *Hancock Financial Corporation v. Federal Savings and Loan Insurance Corporation*, 492 F.2d 1325 (9th Cir. 1974) is dispositive of the issue of this Court's jurisdiction over the subject matter of this instant action.

That case involved Gibraltar Savings and Loan Association, a state chartered institu-

tion, which was insured by FSLIC. In 1966, an Arizona Superior Court appointed the FSLIC as receiver of Gibraltar and directed it to liquidate Gibraltar's assets. By the end of 1981, virtually all of the receivership assets had been sold with the exception of a portfolio having an aggregate book value of $16.5 million. Hancock Financial Corporation, the principal stockholder of Gibraltar, initiated an action in the United States District Court to enjoin the FSLIC from selling the remaining assets.

The United States District Court dismissed the complaint on the basis that it lacked subject matter jurisdiction. On appeal, the United States Court of Appeals for the Ninth Circuit affirmed the dismissal of the plaintiff's complaint. The Defendants FSLIC, FHLBB and First Federal's contentions that the Hancock decision is dispositive with respect to the outcome of the instant motion is absolutely correct.

The holding in *Hancock* compels no other conclusion than that this Court lacks jurisdiction over the subject matter of the plaintiff's complaint. On this basis, this Court lacks jurisdiction over the subject matter of the Plaintiffs' complaint, and, accordingly, the said Defendants are entitled to judgment on the pleadings with respect thereto.

▮ Now, as to those claims sounding in tort, Defendants are correct in their contentions that it is well settled that the United States Government may not be sued unless it has specifically waived its sovereign immunity. Thus, the exclusive jurisdiction over civil actions against the United States conferred upon the United States District Court, under § 1346 of Title 28, is limited to cases in which the Government has consented to be sued. That is the undeniable law of this Circuit as stated by *Morris v. United States,* 521 F.2d 872 (9th Cir. 1975). It is well established that FSLIC is an instrumentality of the United States. It is a federal agency within the meaning of Title 28, Section 1346(b), and is therefore entitled to the protection of FTCA.

▮ So, what is the question? The question is whether the Plaintiffs' claim against the FSLIC and FHLBB for money damages, based upon FSLIC's appointment as receiver of First Savings by FHLBB, and the subsequent sale by FSLIC of the assets of First Savings to First Federal, is barred by the Federal Torts Claim Act.

If there be any doubt as to the answer to this proposition, it is put to rest by the case of *Newberg v. Federal Savings and Loan Insurance Corporation,* 317 F.Supp. 1104 (N.D.Ill.1970). In *Newberg,* the plaintiff was a stockholder of a savings and loan association which had been purchased by the FSLIC pursuant to the terms of 12 U.S.C. § 1729(f). In order to prevent default, it brought an action against the FSLIC and others alleging that he was fraudulently induced to buy shares in the purchased association.

The FSLIC then counterclaimed against the plaintiff and others, including one Mercurio, alleging a conspiracy to gain control of the purchased association and thereafter to cause the association funds to be deposited in certain other banks as compensating balance for loans. Counterdefendant Mercurio in turn counterclaimed against the FSLIC and others charging that the FSLIC conspired illegally to liquidate the purchased association. The FSLIC then filed its counterclaim in which it raises the defense as heretofore stated by the Court.

The facts in this case are almost identical to that in *Newberg.* Here the allegations in substance are that the FSLIC and FHLBB conspired with the Defendant Hong to cause First Savings to be placed into receivership and to sell the assets of First Savings to First Federal. They claim that was a conspiratorial breach of duty imposed upon the FSLIC and FHLBB and further in breach of a discretion vested in FSLIC by the provisions of § 1729(c)(2) of Title 12, United States Code, and § 1729(c)(3)(B) and § 1729(f)(2).

I have come to this conclusion and that is that First Savings' claim against FSLIC and FHLBB for money damages is specifically barred by FTCA, and in particular by 28 U.S.C. § 2680(a) and (h); and judgment on the pleadings in this regard is entered in favor of the Defendants.

The complaint seeks injunctive relief against the Defendants including the FSLIC and FHLBB by way of a preliminary and permanent injunction enjoining each Defendant from selling or otherwise disposing further of the assets of First Savings, including those assets conveyed to First Federal.

■■■■ The basis for the Plaintiffs' claim against FSLIC and FHLBB herein, including the claim for injunctive relief, is an alleged breach by the FSLIC and FHLBB of the alleged statutory duty imposed upon them by 12 U.S.C. § 1729, as well as abuse of the statutory discretion vested in FSLIC and FHLBB under 12 U.S.C. § 1729(c)(2) and (c)(3)(B) and (f)(2) in wrongfully supplanting the Defendant Hong as receiver for First Savings and thereafter selling the assets of First Savings to First Federal, a claim sounding in tort.

As I have stated, the Federal Tort Claims Act defines the limits of the Congressional waiver of sovereign immunity against the United States, including the FSLIC and the FHLBB in tort claims. If a Plaintiff's tort claim falls within one of the exceptions enumerated in Section 2680 of Title 28, United States Code, then the district court lacks subject matter jurisdiction over the claim. Therefore, the FTCA is the exclusive remedy for tort claims against the United States, including the FSLIC and FHLBB. And, where such a tort claim is barred by specific exclusions of the FTCA, jurisdiction cannot be conferred by any broad language contained in some other statute.

Inasmuch as the conduct alleged by the Plaintiffs in their complaint constitutes the exercise of a discretionary function within the meaning of Section 2680(a) of Title 28, the Plaintiffs' claim against FSLIC and FHLBB, including that for injunctive relief, falls within one of the exclusions set forth in the FTCA and the claims are therefore barred.

Moreover, in *Moon v. Takisaki*, 501 F.2d 389 (9th Cir. 1974), the Ninth Circuit Court of Appeals upheld the dismissal of an action under the FTCA which was brought by a purchaser of property insured under a statute authorizing the FHA to insure mortgages of housing, purchased and rehabilitated under designated circumstances, seeking money damages against the United States and an injunction against prospective foreclosure.

The court implicitly held that FTCA does not submit the United States to injunctive relief and that dismissal for lack of subject matter jurisdiction in that case was proper; so, on this claim, judgment is entered in favor of the Defendants.

■■■■ As to the proposition of administrative redress, it is well settled that FSLIC and FHLBB are instrumentalities of the United States within the meaning of Title 28, U.S.C. § 1346(b) and therefore are entitled to the protections of FTCA.

The Plaintiffs' claims based upon FSLIC's appointment as receiver and the sale of assets of First Savings to First Federal are well within the scope of the Federal Tort Claims Act. As such, the requirement of §§ 2675(a) and 2401(b) of Title 28 are mandatory. Therefore, the Plaintiffs were required to present their claims to the federal agency within two years after the claim accrued. Since no such claim was filed, there is no subject matter jurisdiction and the Defendants are entitled to judgment on the pleadings in that regard.

■■■■ Plaintiffs also claim due process violations. The Plaintiffs claim that they have been deprived of due process by the ex parte appointment of the receiver. In Count I of the complaint, the Plaintiffs challenge the ex parte appointment of FSLIC as the receiver. I need look no further than *Fahey v. Mallonee*, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 to put this argument to rest. The Supreme Court precisely held in *Fahey* that such an ex parte appointment was constitutional and did not constitute a taking of property without due process. Therefore, the Plaintiffs' contentions in that regard are unsound, unreasonable and untenable.

Finally, I will take up the Civil Rights claims as stated in the complaint. The Plaintiffs allege in Count III of the complaint that Defendants violated the civil rights of the Plaintiffs under color of law in violation of Title 42, Section 1983.

This is predicated upon what the Plaintiffs allege was a conspiracy between First Federal and FSLIC. The alleged conspiratorial acts are rather vague and are mostly conclusionary. Nevertheless, one thing is certain and that is that the agents of FSLIC and FHLBB were acting under the color of federal law and not, therefore, persons within the meaning of 1983.

The broad allegations of conspiracy on the part of Defendants FSLIC and FHLBB and Defendant Hong are insufficient to bring Defendants into the scope of Section 1983, that is, in the absence of factual allegations, as here, that FSLIC and FHLBB were in some fashion acting under the color of state law.

Plaintiffs' allegation in paragraph 17 of the complaint to the effect that First Federal conspired with FSLIC to wrongfully seize First Savings and sell the assets to First Federal does not bring First Federal under 1983 jurisdiction simply because 1983 does not apply to the purely private conduct of First Federal. Therefore, judgment on the pleadings should be granted Defendants on these issues.