BISCAYNE FEDERAL SAVINGS & LOAN ASSOCIATION and Kaufman & Broad, Plaintiffs,

v.

FEDERAL HOME LOAN BANK BOARD, Richard T. Pratt, Edward Gray, Jamie Jackson, Federal Savings & Loan Insurance Corporation, and H. Brent Beesley, Defendants.

No. 83–815–CIV–EPS.

United States District Court, S.D. Florida, Miami Division.

April 12, 1983.

Bruce Greer, Miami, Fla., for plaintiffs.

Lowell L. Garrett, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on Plaintiffs' motion for a temporary restraining order filed pursuant to Fed.R.Civ.P. 65(b). Plaintiffs request that this Court set aside Defendants' *ex parte* appointment of the Federal Savings and Loan Insurance Company (FSLIC) as receiver by the Federal Home Loan Bank Board (FHLBB) for Plaintiff Association. Plaintiffs argue that the ownership and management of the Association should be restored to the Association managers and owners who were ousted by the FHLBB actions. Plaintiffs also request that the new association formed by the FHLBB be dissolved and the old association be reinstated.

There is no dispute that Plaintiffs are a federally chartered association and subject to the control of the FHLBB pursuant to 12 U.S.C. § 1464(d)(1). Jurisdiction of this Court is grounded in § 1464(d)(6)(A).[1]

---

1. 12 U.S.C. § 1464(d)(6)(A) states:

    The grounds for the appointment of a conservator or receiver for an association shall be one or more of the following: (i) insolvency in that the assets of the association are less than its obligations to its creditors and others, including its members; (ii) substantial dissipation of assets or earnings due to any violation or violations of law, rules, or regulations, or to any unsafe or unsound practice or practices; (iii) an unsafe or unsound condition to transact business; (iv) willful violation of a cease-and-desist order which has become final; (v) concealment of books, papers, records, or assets of the association or refusal to submit books, papers, records, or

Plaintiffs maintain that the Court should remove the receiver and restore control to the ousted managers for several reasons. Plaintiffs allege that the FHLBB acted precipitously and in bad faith by putting the Association in receivership while the parties were involved in negotiations concerning ways to strengthen the financial viability of the Association. Plaintiffs argue that § 1464(d)(6)(A) is facially unconstitutional because the procedures therein outlined violate Plaintiff's property rights without due process of law. Plaintiffs also claim that if the Association is not restored to their control, its assets will be depleted and that they will suffer irreparable harm.

Defendants maintain that under 12 U.S.C. § 1464(d)(6)(A) and 12 U.S.C. § 1729(b), they have the authority to place the Association in receivership and form a new institution.[2] Defendants state that the Association was placed in receivership because it was insolvent and in an unsafe or unsound condition to transact business. Defendants argue that since insolvency and an unsound condition are two of the grounds upon which it may be decided to

place an Association in receivership under § 1464(d)(6)(A), Plaintiffs must prove their solvency and soundness in order for them to prevail on the merits of their case.

The Eleventh Circuit has recently reiterated the standard to be applied when considering whether or not to grant a temporary restraining order or a preliminary injunction. The Court stated:

> The Court must exercise its discretion in light of the following four prerequisites for a preliminary injunction: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). Because a preliminary injunction is an extraordinary and drastic remedy, its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion. *Texas v.*

---

affairs of the association for inspection to any examiner or to any lawful agent of the Board. The Board shall have exclusive power and jurisdiction to appoint a conservator or receiver. If, in the opinion of the Board, a ground for the appointment of a conservator or receiver as herein provided exists, the Board is authorized to appoint ex parte and without notice a conservator or receiver for the association. In the event of such appointment, the association may, within thirty days thereafter, bring an action in the United States District Court for the judicial district in which the home office of such association is located, or in the United States District Court for the District of Columbia, for an order requiring the Board to remove such conservator or receiver, and the court shall upon the merits dismiss such action or direct the Board to remove such conservator or receiver. Such proceedings shall be given precedence over other cases pending in such courts, and shall be in every way expedited. Upon the commencement of such an action, the court having jurisdiction of any other action or proceeding authorized under this subsection to which the association is a party shall stay such action or proceeding during the pendency of the action for removal of the conservator or receiver.

2. 12 U.S.C. § 1729(b) states:

In the event that a Federal savings and loan association is in default, the Corporation shall be appointed as conservator or receiver and is authorized as such (1) to take over the assets of and operate such association, (2) to take such action as may be necessary to put it in a sound and solvent condition, (3) to merge it with another insured institution, (4) to organize a new Federal savings and loan association to take over its assets, or (5) to proceed to liquidate its assets in an orderly manner, whichever shall appear to be to the best interests of the insured members of the association in default; and in any event the Corporation shall pay the insurance as provided in section 1728 of this title and all valid credit obligations of such association. The surrender and transfer to the Corporation of an insured account in any such association which is in default shall subrogate the Corporation with respect to such insured account, but shall not affect any right which the insured member may have in the uninsured portion of his account or any right which he may have to participate in the distribution of the net proceeds remaining from the disposition of the assets of such association.

*Seatrain International, S.A.,* 518 F.2d 175, 179 (5th Cir.1975).

*U.S. v. Lambert,* 695 F.2d 536 at 539 (11th Cir., 1983).

■ The Court, without expressing an opinion as to whether any other of the elements for obtaining a temporary restraining order as delineated above has been met, believes that Plaintiffs have not made a sufficient showing of substantial threat or irreparable injury.

Defendants have represented to the Court that the FHLBB is prepared to infuse $30 million into the Association to bolster its financial situation if the FSLIC is prepared to insure said infusion. The FSLIC has represented that it will not insure said infusion unless the old Association remains in the hands of the receiver, a new Association is formed and a new Board of Directors is elected for the newly formed Association.

Based on Defendants' representations, the Court believes that Plaintiffs have not demonstrated that they will be irreparably harmed by having the receiver maintain control of the Association. The infusion of capital indicates that the financial position of the Association will be improved and stabilized, thus restoring confidence in the public and the depositors. Accordingly, Plaintiffs' efforts to remove the receiver at this point in the proceedings is hereby DENIED.

Plaintiffs' alternative argument is that if their motion is denied, then the Court should enjoin the Defendants from undertaking any action to liquidate the assets of the Association or from placing control of the same in the hands of third parties through a sale or merger of the Association pursuant to 12 U.S.C. § 1729(b). Plaintiffs argue that the Court has the implicit power to enjoin such contemplated actions pending the outcome of the hearings on the merits of its cause to have the receiver removed. Plaintiffs state that the Court's implicit power to effectuate this type of relief is found in § 1464(d)(6)(A).

Defendants maintain that under § 1464(d)(6)(A) and (C) the jurisdiction of this Court is limited to a determination of whether or not the receiver should be removed. Defendants claim that these statutes, particularly § 1464(d)(6)(C), leave no room for the Court to fashion an equitable remedy pending the outcome of the suit.[3]

■ The statute is clear that the Association may bring an action before this Court seeking to remove the receiver within thirty (30) days of the appointment of said receiver. Plaintiffs, having filed this suit on the same day as the appointment of the receiver, have timely filed this action.

■ The Court believes that the hearing "on the merits" referred to in § 1464(d)(6)(A) contemplates more than a quick, emergency hearing held at night without the parties having the benefit of fully preparing and presenting their positions. The Court believes that it has the power under the All Writs Act, 28 U.S.C. § 1651(a), to prevent a complete transformation of the status of the Association for a short period of time pending the outcome of the suit so long as the hearing is held expeditiously.[4]

When Congress enacted § 1464(d)(6)(A), its intent was to provide the Plaintiffs the right to contest the placing of its property in receivership. It seems logical to assume that in so providing, Congress intended to restore the Association to a wronged Plaintiff if the appointment of a receiver was effectuated without statutory justification. If this Court were powerless to place some limits on the ability of the Defendants to dispose of the property, particularly with

---

**3.** 12 U.S.C. § 1464(d)(6)(C) states:

Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver.

**4.** This cause is set for trial on the merits with the consent of the parties at 9:30 a.m., April 25, 1983, exactly nineteen (19) days after the filing of the original complaint.

respect to the involvement of the rights of third parties, the remedy afforded by Congress could be rendered meaningless.

It is inconceivable that Congress intended to so limit the power of the judiciary that a District Court might have to some day lament to a prevailing Plaintiff-Association in a § 1464 proceeding:

"On the facts, the Association wins; however, because of the law, 'all the king's horses and all the king's men can't put * * *.'"

Defendants rely on the case of *First Savings & Loan Association v. First Federal Savings & Loan Association of Hawaii*, 547 F.Supp. 988 (D.Hawaii, 1982) for the proposition that this Court lacks jurisdiction to fashion an equitable remedy pending the outcome of the suit. Plaintiffs in *First Savings, supra,* filed their complaint for the removal of the receiver thirteen (13) months beyond the 30-day limit imposed by 12 U.S.C. § 1464(d)(6)(A). *First Savings,* 547 F.Supp. at 995. Plaintiffs requested the removal of the receiver, money damages and injunctive relief.

The Court in *First Savings, supra,* held, *inter alia,* that it did not have jurisdiction to remove the receiver because the cause was untimely filed. *First Savings,* 547 F.Supp. at 996. The Court also went on to say that it could not award injunctive relief or money damages under § 1464(d)(6)(A) & (C) and that its powers were limited to the issue of whether or not the receiver should be removed under those statutes. *First Savings,* 547 F.Supp. at 994.

The case instanter is distinguishable from *First Savings, supra,* in terms of the relief sought and the pendency of the § 1464(d)(6)(A) claim. In the present case, Plaintiffs have timely filed their action. The Court is not being asked to fashion an ultimate remedy for the cause. An interim remedy preventing the depletion of the assets is sought only during the pendency of the case which is properly before this Court.

The Court finds that enjoining the Defendants from disposing of or otherwise drastically altering the Plaintiffs' assets while the case is still pending for the re-

moval of the receiver is quite different from a situation, as exemplified in *First Savings, supra,* where injunctive relief is the ultimate remedy sought and where Plaintiff has no claim under § 1464(d)(6)(A).

Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiffs' motion for temporary restraining order be and the same is hereby DENIED, but this Court, pursuant to its All Writs authority, 28 U.S.C. § 1651, does hereby enjoin the Defendants and the receiver from exercising the powers authorized by 12 U.S.C. § 1729(b)(3) and (5) until further Order of this Court. In the exercise of the powers enumerated in 12 U.S.C. § 1729(b)(2) and (4), it is understood by the terms of this Order that the same will occur without selling or otherwise disposing of the Association's assets.