831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
W.W. TAYLOR, Plaintiff-Appellant,
v.
FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, Defendant-Appellee.
 No. 86-5557.
 United States Court of Appeals, Sixth Circuit.
 Nov. 3, 1987.
 
 Before KEITH, CORNELIA G. KENNEDY, and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 W. W. Taylor appeals the district court's dismissal of his countercomplaint for injunctive relief and money damages against the Federal Savings and Loan Insurance Corporation (FSLIC). The court dismissed Taylor's request for injunctive relief as moot, and the request for monetary relief as "subsumed in" a shareholder's derivative action Taylor had filed against the FSLIC concerning the same operative facts.
 
 
 2
 We conclude that Taylor's request for injunctive relief does not present a case or controversy justiciable in a federal court and affirm the dismissal of that part of his countercomplaint. However, because we conclude that Taylor's individual claims for monetary relief are not subsumed in the shareholder's derivative action, we reverse and remand that portion of the district court's judgment. On remand the court should consider Taylor's claims for monetary damages, the FSLIC's defense of sovereign immunity, and, if necessary, FSLIC's claim of entitlement to summary judgment on grounds not previously addressed by the district court.
 
 I.
 
 3
 Taylor allegedly engaged in a sham loan transaction through which he acquired eighty percent of the issued and outstanding common stock of Security Trust Savings & Loan Association (Security) without providing prior notice to the FSLIC, in violation of the Change in Savings and Loan Control Act of 1978, 12 U.S.C. Sec.l730(q) (1980 & 1987 Supp.). The act requires anyone intending to acquire more than twenty-five percent of the voting stock of an FSLIC-insured institution to file a written notice with the FSLIC sixty days prior to obtaining the stock. Taylor did not do so, relying on an exemption in the regulations for good faith acquisitions of stock through loan foreclosures. The FSLIC claimed Taylor "engineered" the loan and foreclosure specifically to avoid the Act's notification requirements.
 
 
 4
 Shortly after the FSLIC filed a complaint seeking to enjoin Taylor from continuing to violate the Act, the parties agreed to an order which precluded Taylor from exercising control over Security pending completion of the district court's proceedings. Taylor later counterclaimed against FSLIC for compensatory and punitive damages, and for an injunction to prevent FSLIC from interfering with Taylor's rights as a controlling stockholder of Security. A week later, Taylor filed a cross-complaint against Security, Security's Board of Directors, and the Commissioner of Financial Institutions for the State of Tennessee as additional parties, seeking injunctive relief.
 
 
 5
 In February 1985, in a separate and unrelated proceeding, the United States Attorney, attempting to satisfy a judgment against Taylor held by the Small Business Administration that had been outstanding since 1976, garnished, seized, and attempted to sell Taylor's stock in Security. The judgment and accrued interest amounted to more than one million dollars. However, because the government received no bid on the stock, presumably because it was worthless, it was returned to Taylor.
 
 
 6
 In October 1985, the Federal Home Loan Bank Board (FHLBB) determined that Security was insolvent and placed it in receivership. The receiver transferred substantially all of Security's assets to a newly-chartered savings and loan association. In November 1985, Taylor sued the FHLBB and the FSLIC in a shareholder's derivative action, challenging the receivership appointment and asking that it be terminated.
 
 
 7
 In March 1986, the FSLIC moved for summary judgment against Taylor on the countercomplaint. The district court granted summary judgment to the FSLIC, dismissing the entire case, and Taylor appealed.
 
 II.
 
 8
 The district court determined that since Security had been placed in receivership by the FHLBB due to Security's insolvency, Taylor's request for an injunction enjoining the FSLIC from interfering with Taylor's activities as controlling shareholder of Security was moot. Taylor essentially concedes that the receivership of Security has effectively mooted most of his grounds for seeking injunctive relief. However, he alleges that the trial court could have, and should have, restrained the FSLIC from certain other unlawful acts described in Taylor's counterclaim that were unrelated to Security and Taylor's ownership of stock therein, including FSLIC's attempting to unlawfully destroy his business reputation, violating his civil rights, engaging in unlawful restraints of his trade, interfering with his arms-length business transactions, and interfering with his freedom to contract. Thus, according to Taylor, the counterclaim sought injunctive relief which the trial court could still grant, notwithstanding the insolvency of Security.
 
 
 9
 Taylor's request for injunctive relief rests upon broad, sweeping, generalized allegations of unparticularized government misconduct he alleges elsewhere in his complaint has already occurred and for which he seeks damages. He makes no allegation that such misconduct is threatened or imminent, and asserts only that "unless plaintiff is restrained from its unlawful acts ... defendant ... will be unjustly harmed." Because a court cannot enjoin governmental conduct which is neither threatened nor imminent, but is only theoretical and abstract, the district court was without authority to grant the injunctive relief requested. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 111 (1983); Ghandi v. Police Dep't. of Detroit, 747 F.2d 338, 343-344 (6th Cir. 1984).
 
 
 10
 Lyons held that absent a real and immediate threat of improper governmental conduct, an injunction is unavailable both because there is no case or controversy as required to create jurisdiction in the federal courts under Article III of the federal constitution, and because there is no irreparable injury shown as substantively required before an injunction can issue. 461 U.S. 95 at 101-102, 111.
 
 
 11
 Additionally, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." O'Shea v. LittLeton, 414 U.S. 488, 495-96 (1974). Thus, the fact that FSLIC has allegedly engaged in past illegal conduct does not give the court power to grant an injunction against unspecified, hypothetical future activities. Therefore, the district court did not err in declining to grant appellant's request for injunctive relief.
 
 III.
 
 12
 Taylor's countercomplaint also seeks compensatory and punitive monetary damages against FSLIC. It alleges that FSLIC breached its contract with Taylor, slandered his business reputation, engaged in unlawful restraints of trade, tortiously interfered with his contracts, unconstitutionally "wrote down" Security's assets to make it appear insolvent, unlawfully required Security to set up reserves against certain loans, violated Taylor's civil rights, and conducted a vendetta against him.
 
 
 13
 The district court dismissed Taylor's claims for monetary damages because it felt these claims were "subsumed" in the separate shareholder derivative lawsuit Taylor filed against FHLBB and FSLIC challenging the receivership of Security. The FSLIC does not attempt to defend the district court's dismissal on the grounds the earlier cause of action is "subsumed" within the shareholder derivative actions as found by the district court. Indeed, the FSLIC concedes the district court was mistaken.
 
 
 14
 In any shareholder derivative action, the shareholder may assert only the corporation's rights. The claims in such an action are entirely derivative from the corporation and belong, ultimately, to it. The shareholder cannot assert individual rights. Pearl v. General Tire & Rubber Co. (In re General Tire & Rubber Co. Securities Litigation), 726 F.2d 107 5, 1087 (6th Cir.), cert. denied, 469 U.S. 858 (1984); Abramowitz v. Posner, 672 F.2d 1025, 1032 (2d Cir. 1982). See also Warren v. Manufacturers Nat'l Bank, 759 F.2d 542 (6th Cir. 1985); Stevens v. Lowder, 643 F.2d 1078 (5th Cir. 1981).
 
 
 15
 Furthermore, in a shareholder derivative action challenging the appointment of a receiver under 12 U.S.C.Sec.l464(d)(6)(A) (1987 Supp.), the relief available is limited to removal of the receiver; monetary damages are not awardable. First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n, 547 F. Supp. 988, 994-95 (D. Haw. 1982). Thus, Taylor's individual claims for damages and other relief were not properly the subject of theSec.l464(d)(6)(A) shareholder derivative action and were not "subsumed" therein.
 
 IV.
 
 16
 FSLIC argues that even if the district court erred in holding that Taylor's individual claims were subsumed in the shareholder's derivative suit, the court was correct in dismissing the countercomplaint because Taylor's claims for monetary relief, compensatory and punitive, are barred by the doctrine of sovereign immunity. FSLIC points out that it is a federal agency, 12 U.S.C.Sec. 1725(c), 1730(k)(1) (1980), and as such partakes of the sovereign immunity of the United States. Federal Savings & Loan Ins. Corp. v. Quinn, 419 F.2d 1014 (7th Cir. 1969); First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n, 547 F. Supp. 988, 997 (D. Haw. 1982).
 
 
 17
 FSLIC acknowledges that the sovereign immunity of a federal agency is subject to the limited waiver provisions of the Federal Tort Claims Act (FTCA), but insists that Taylor's monetary claims are not among the causes of action for which Congress has waived the government's immunity under the FTCA. Taylor seems to acknowledge as much in his reply brief, but argues that the district court's jurisdiction over the FSLIC is found in the National Housing Act which states that the FSLIC may "Sue and be sued." 12 U.S.C. Sec. 725(c)(4) (1982).
 
 
 18
 The district court did not address these jurisdictional arguments because it dismissed the appellant's countercomplaint on the mistaken basis we have discussed. We think the district court should be afforded the first opportunity to pass on these questions and the related issues raised in the appellee's motion for summary judgment.
 
 
 19
 Accordingly, we remand to the district court to enable it to address the jurisdictional issues raised by the parties' sovereign immunity, FTCA and National Housing Act arguments. And, if the district court finds that it has jurisdiction, the FSLIC's claim of entitlement to summary judgment on the theory that there is no genuine issue of material fact and that on the record before the court, the appellee is entitled, under the provisions of Rule 56(e), to judgment as a matter of law should be considered.
 
 
 20
 AFFIRMED in part, REVERSED in part, and REMANDED.