**FRANKLIN SAVINGS ASSOCIATION and Franklin Savings Corp., Plaintiffs,**

v.

**OFFICE OF THRIFT SUPERVISION, David Douglass, Defendants.**

Civ. A. No. 90–4054–S.

United States District Court, D. Kansas.

June 20, 1990.

Charles W. German, David E. Everson, Jr., Brant M. Laue, Richard F. Hunter, Stinson, Mag & Fizzell, Kansas City, Mo., Roger D. Stanton, Stinson, Mag & Fizzell, Overland Park, Kan., Cheryl Johnson, Graham & James, Los Angeles, Cal., for plaintiffs.

Thomas J. Segal, Assoc. Chief Counsel, Elizabeth R. Moore, Sr. Trial Atty., James Hendrickson, Trial Atty., Office of Thrift Supervision, Washington, D.C., Nancy L. Ulrich, Asst. Atty. Gen., Topeka, Kan., Paul W. Grace, Steven W. Dimmick, Mary Boney Denison, Linda Hitt Thatcher, Paul J. Kennedy, Graham & James, Washington, D.C., Lee Thompson, U.S. Atty., Topeka, Kan., Stuart M. Gerson, Asst. Atty. Gen., Theodore C. Hirt, Mark Batten, Gary Orseck, Attys., Dept. of Justice, Civ. Div., Thomas J. Loughran, Susan B. Bovee, H. Lowell Brown, Finkelstein, Thompson & Loughran, Washington, D.C., Jan Hamilton, Hamilton, Peterson, Tipton & Keeshan, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the motions of defendant Director of Office of Thrift Supervision ("OTS") to dismiss plaintiff Franklin Savings Corporation ("FSC") as a party to this litigation and of defendant David Douglass, Commissioner of the Kansas Savings and Loan Department, for summary judgment on the amended complaint and the supplemental complaint. Plaintiffs brought this action pursuant to Section 301 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"). Plaintiffs challenge

OTS's appointment of the Resolution Trust Corporation ("RTC") as conservator of plaintiff Franklin Savings Association ("Franklin" or "the association"), which occurred on February 16, 1990. Franklin is a federally insured, state chartered savings and loan association. In this case, plaintiffs seek removal of the conservator.

### I. Defendant OTS's Motion to Dismiss FSC as a Party.

FSC is the majority shareholder of Franklin, owning 94% of the issued and outstanding guarantee stock. FSC brought claims on its own behalf and derivative claims on behalf of Franklin, challenging the grounds for OTS's appointment of the RTC as conservator of Franklin and seeking removal of the conservator. In this motion, defendant OTS argues that plaintiff FSC lacks the capacity to sue on its own behalf under the provisions of FIRREA and that FSC has not met the requirements of Rule 23.1 of the Federal Rules of Civil Procedure to assert derivative claims on behalf of Franklin.

### A. *Can FSC assert a claim, on its own behalf, for removal of the conservator pursuant to section 301 of FIRREA?*

■ OTS argues that only the association, Franklin, may assert a claim seeking the removal of the conservator pursuant to section 301 of FIRREA. FIRREA provides that when a conservator is appointed, the conservator shall have all powers of the association. FIRREA, Pub.L. No. 101–73, § 301, 103 Stat. 183, 292 (to be codified at 12 U.S.C. § 1464(d)(2)(H)(i)). The same section of the act further provides that

the association may, within 30 days [after the appointment of a conservator or receiver], bring an action ... for an order requiring the Director [of OTS] to remove such conservator or receiver.

*Id.* (to be codified at 12 U.S.C. § 1464(d)(2)(E)).[1] The court understands

---

**1.** Section 204 of FIRREA defines "savings association" as "any State savings association." FIRREA. Pub.L. No. 101–73, § 204, 103 Stat. 183,

191 (to be codified at 12 U.S.C. § 1813(b)(1)(B)). The term "State savings association" is defined as "any building and loan association, savings

section 301 of FIRREA to strip the association of all pre-conservatorship powers and vest these powers in the conservator. In addition, the association and its pre-conservatorship officers and directors are given the power to challenge the appointment of the conservator.

FSC argues that a broad reading should be given to the term "association" as it appears in section 301 of FIRREA. FSC contends that, as a principal shareholder of the association, it should be allowed to challenge the appointment of the conservator along with the association. FSC argues that the post-conservator association basically is allowed to sue in name only and lacks the resources and ability to effectively challenge the appointment. Therefore, FSC argues that it, too, should be allowed to challenge the appointment on its own behalf. Defendant OTS contends that the statutory language clearly provides that only the "association" has capacity to challenge the appointment.

The court has found a dearth of relevant case law addressing the issue of whether a savings association's principal shareholder may challenge, on its own behalf, the appointment of a conservator for the association. The court has been directed to cases involving challenges under the predecessor to Section 301 of FIRREA. The earlier legislation allowed a savings association to challenge the Federal Home Loan Bank Board's appointment of conservatorship. *See* 12 U.S.C. § 1464(d)(6)(A)(1989). OTS relies on *Gaubert v. Federal Home Loan Bank Brd.*, 863 F.2d 59 (D.C.Cir.1988). This case simply holds that the only power the association's board of directors has after the appointment of a receiver is the authority to challenge the appointment. *Id.* at 67. *Gaubert* addressed the issue of whether the principal shareholder of the

association in that case could bring a derivative action challenging the conservatorship. The issue of whether the shareholder could bring an action on its own behalf, however, was not before or was not addressed by the court. The other case cited by OTS also provides little guidance on the issue before this court. The court in *First Savings & Loan Assoc. v. First Federal Savings & Loan Assoc.*, 547 F.Supp. 988 (D.Hawaii 1982), dismissed the shareholders' claim, which sought removal of the receiver, as time-barred. *Id.* at 995–96. The court did not address and had no reason to address the issue of whether the shareholders were proper parties to seek removal of the receiver since the claim was filed after the statute of limitations period had run.

Similarly, the cases cited by FSC provide little guidance in determining the issue before this court. In those cases, parties in addition to the association were plaintiffs.[2] Nevertheless, the issue of whether they were proper plaintiffs was either never raised as an issue or was never addressed by the courts.

■ Although FIRREA allows for the association, in name, to challenge the appointment of a conservator, all real powers of the association are with the conservator. In all practicality, the association, under the control of the conservator, is not going to be actively involved in prosecuting or funding the costs of a suit challenging the conservatorship. Thus, this court believes and finds that, albeit the language of FIRREA speaks only of the "association" bringing an action to seek the conservator's removal, the clear intent and purpose of the legislation is to allow the association to be named as a plaintiff and to allow those who controlled and operated the asso-

---

and loan association, or homestead association." *Id.* (to be codified at 12 U.S.C. § 1813(b)(3)(A)).

**2.** In *Woods v. Federal Home Loan Bank Brd.*, 826 F.2d 1400 (5th Cir.1987), *cert. denied* 485 U.S. 959, 108 S.Ct. 1221, 99 L.Ed.2d 422 (1988), the plaintiffs were the association, its owners and former operators. In *Haralson v. Federal Home Loan Bank Brd.*, 721 F.Supp. 1344 (D.D.C. 1989), plaintiffs were the association and its

principal shareholder. In *Valley Federal Savings & Loan v. Federal Home Loan Bank Brd.*, No. 88–4194–R, *unpublished* (D.Kan. Aug. 25, 1989), plaintiffs were the association and the holding company which had acquired control of the association. In *Unity Savings Assoc. v. Federal Savings & Loan Ins. Corp.*, 573 F.Supp. 137 (N.D.Ill.1983), plaintiffs were the association and a corporate shareholder of the association, much like the plaintiffs in the present case.

ciation prior to the conservatorship to prosecute the action. Therefore, the pre-conservatorship officers and directors and the principal shareholder can maintain an action under section 301 on their own behalf. The court finds that FSC has capacity to be a party plaintiff on its own behalf in this action.[3]

### B. *May FSC maintain a derivative action?*

■ FSC asserts that it brings this case not only on its own behalf but also asserts derivative claims on behalf of Franklin pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. Rule 23.1 states, in part:

> In a derivative action brought by one or more shareholders or members of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) [that the plaintiff was a shareholder at the time of the transaction of which the plaintiff complains] and (2) [the action is not a collusive one to confer jurisdiction on a federal court].

OTS contends that FSC cannot assert a derivative suit since the association, Franklin, has exercised its right to bring an action. Also, OTS argues that before a shareholder can bring a derivative action, it should first demand the board of directors to assert the claim, and that FSC has failed to make such a demand.

The language of Rule 23.1 indicates that a shareholder may bring a derivative action only if the corporation or association has failed to enforce the right which the share-

holder seeks to enforce. 3B J. Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.1.16[1], at 23.1-47 (2d ed. 1987) ("Suits which are said to be derivative, and therefore come within the rule, are those which seek to enforce any right which belongs to the corporation and is not being enforced...."). In the present case, FSC is seeking to assert as a derivative claim Franklin's right to seek removal of the conservator. However, plaintiff Franklin has brought an action challenging OTS's appointment of the conservator and seeking removal of the conservator. Since the association has asserted and sought to enforce its right to challenge the appointment of the conservator, this court finds that FSC may not assert the same claim as a derivative claim on behalf of the association. Thus, the court will dismiss plaintiff FSC's derivative claims.

### II. Defendant Douglass' Motion for Summary Judgment.

■ Defendant Douglass, Commissioner of the Kansas Savings and Loan Department, argues that he is not a proper party defendant since he has no authority or power to remove the conservator. The relief sought by plaintiff in the amended and supplemental complaint is removal of the conservator. Douglass argues that since plaintiffs' remedy under section 301 of FIRREA is an order compelling the director of OTS to remove the conservator, he has no role in providing the requested relief and thus should not be a defendant.

Plaintiffs assert that Douglass is a proper defendant because of the integral role

---

**3.** FSC has alternatively argued that it should be allowed to remain as a party plaintiff on its own behalf because it can intervene as of right, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Even if this court is incorrect in the conclusion reached above, the court finds that FSC has made a sufficient showing to be allowed to intervene as of right pursuant to Rule 24(a)(2).

This rule states:

Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a prac-

tical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FSC claims an interest in the property at issue in this case and sufficiently alleges that the disposition of this case may, as a practical matter, impair or impede its ability to protect that interest. Also, since Franklin, as a plaintiff, has no real power (other than to use its name as a plaintiff), FSC's interest may not be adequately represented by plaintiff Franklin. Thus, the court would have allowed FSC to intervene as a party plaintiff, if it technically could not have been a party under section 301 of FIRREA.

he played in the appointment of the conservator. It is undisputed that OTS obtained Douglass' written approval for the February 16, 1990, appointment of the conservator for Franklin. Plaintiffs also argue Douglass is a necessary defendant to obtain complete relief, because plaintiffs want prospective injunctive relief prohibiting defendant Douglass from appointing a "special deputy commissioner" to control Franklin, under the authority Douglass has pursuant to state law, in the event plaintiffs are successful in having the conservator removed.

Other courts have held that state officials are not proper parties in suits brought by savings associations challenging the appointments of conservators or receivers. *See Haralson v. Federal Home Loan Bank Board*, No. W–86–CA–53, slip op. at 2 (W.D.Tex. Apr. 28, 1986) (The statute "provides that the exclusive remedy for the appointment of a conservator is a court order requiring the Board to remove the conservator, [the statute] does not provide any cause of action against the state."); *Manning Savings and Loan Assoc. v. Federal Savings and Loan Ins. Corp.*, No. 83C757, slip op. at 4 (N.D.Ill., September 4, 1983) (Judge Prentice Marshall stated that the only relief available "is an order directing the Bank Board to remove the FSLIC as receiver. It follows that none of the other defendants are proper parties to this action.").[4]

This court finds that since Douglass has no power or authority to grant the relief plaintiffs seek, he is not a proper defendant. The court further finds that Douglass' pre-appointment participation, even if it is presumed to have been wrongful, does not make him a proper defendant since the relief sought can be provided without any order directing Douglass' conduct. Finally, any claim that plaintiffs may be making for prospective injunctive relief against Douglass, in the nature of prohibiting some future appointment of a special deputy for Franklin, is based on speculation and no evidence exists of actual detriment or inju-

ry to Franklin because of this possibility. For the foregoing reasons, the court will grant defendant Douglass' motion for summary judgment.

IT IS BY THIS COURT THEREFORE ORDERED that defendant OTS' motion to dismiss the claims brought by plaintiff Franklin Savings Corporation on its own behalf is denied.

IT IS FURTHER ORDERED that defendant OTS' motion to dismiss the derivative claims of plaintiff Franklin Savings Corporation is granted.

IT IS FURTHER ORDERED that defendant Douglass' motions for summary judgment are granted.

---

4. Although these cases involved the statutory scheme that preceded FIRREA, this court finds that they provide guidance to the present case since the earlier legislation provided very similar relief for an association placed in conservatorship.