**GREATER DELAWARE VALLEY FEDERAL SAVINGS & LOAN ASSOCIATION**

v.

**FEDERAL HOME LOAN BANK BOARD, Appellant.**

**No. 12664.**

United States Court of Appeals Third Circuit.

Argued Nov. 7, 1958.

Decided Dec. 30, 1958.

Ray E. Dougherty, Washington, D. C. (Mose Silverman, Washington, D. C., Thomas H. Creighton, Jr., General Counsel, Federal Home Loan Bank Board, Washington, D. C., on the brief), for appellant.

Edward W. Mullinix, Philadelphia, Pa. (Fred L. Rosenbloom, Philadelphia, Pa., Guy G. deFuria, Chester, Pa., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., deFuria, Larkin & deFuria, Chester, Pa., on the brief), for appellee.

Before MARIS, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal, as authorized by Section 1292 of Title 28 United States Code, from an interlocutory order granting a temporary injunction. Beyond the grounds upon which the interim restraint was imposed, such an appeal puts in issue the sufficiency of the complaint and the jurisdiction of the court to grant the ultimate relief the plaintiff is seeking. Deckert v. Independence Shares Corp., 1940, 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189; Orth v. Transit Inv. Corp., 3 Cir., 1942, 132 F.2d 938; Pang-Tsu Mow v. Republic of China, 1952, 91 U.S. App.D.C. 324, 201 F.2d 195. In this case those questions were actually litigated on a motion to dismiss the complaint which the court below considered and denied before it granted a temporary injunction. We come at once to the issues raised by the motion to dismiss the complaint because they are dispositive of the entire litigation.

Appellant, Federal Home Loan Bank Board, is an independent federal agency entrusted by Section 5 of the Home Owner's Loan Act of 1933, as amended, with very broad authority and supervisory responsibility in connection with the "organization, incorporation, examination, operation, and regulation of * * * 'Federal Savings and Loan Associations.'" 48 Stat. 132, 12 U.S.C.A. § 1464 (a). One of the local organizations thus chartered and supervised by the Home Loan Bank Board is the appellee, Greater Delaware Valley Federal Savings and Loan Association. This local Association

has sued the parent Board, asking for judgment "[e]njoining defendant, preliminarily until final hearing and perpetually thereafter, from taking any action to appoint a Supervisory Representative in Charge of plaintiff on the basis of any existing acts and practices of plaintiff, but without prejudice to any proceeding by defendant under any other provision of Section 5 of the Home Owner's Loan Act of 1933." No other relief is sought except the customary general prayer for such relief as the court may deem proper.

The Association predicates its request for judicial intervention upon allegations that the Board has threatened to take *ex parte* action seizing control of the Association by the appointment of a Supervisory Representative in Charge unless the Association shall remove its present directors or merge with another association; that no emergency exists such as in law would authorize *ex parte* action by the Board thus placing the Association under the control and management of a Supervisory Representative in Charge; and that the threatened seizure of control of the Association and its affairs would cause the Association great and irreparable injury.

The controlling Section 5(d) (2) of the Home Owner's Loan Act of 1933, as amended, 12 U.S.C.A. § 1464(d) (2) authorizes the Board for specified causes and after hearing to appoint a conservator or receiver for a Federal Savings and Loan Association. In addition, it is provided that "if, in the opinion of the Board, a ground for the appointment of a conservator or receiver as herein provided exists and the Board determines that an emergency exists requiring immediate action, the Board is authorized to appoint ex parte and without notice a Supervisory Representative in Charge to take charge of said Association and its affairs who shall have and exercise all of the powers herein provided for conservators and receivers." The period of such preliminary and temporary control pursuant to *ex parte* action is strictly limited by the statute.

Such being the essentials of the complaint and of the statute which is involved, it is immediately apparent that this suit can be maintained only if it is within the province and authority of a court to determine whether "any existing acts and practices", as the prayer for relief puts it, of the local Association are such as to justify the Board in a contemplated and threatened exercise of its emergency power of *ex parte* seizure and temporary management of the business of the Association.

█ It is now settled that such an administrative taking over of a savings and loan association by the parent Board without provision or opportunity for advance litigation of the propriety of the seizure is constitutionally unobjectionable. Fahey v. Mallonee, 1947, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030. "Congress is not confined to that method of executing its policy which involves the least possible delegation of discretion to administrative officers." See Yakus v. United States, 1944, 321 U.S. 414, 425-426, 64 S.Ct. 660, 668, 88 L.Ed. 834. The question on this appeal is whether such anticipatory judicial intervention as we have here thwarts or does violence to the administrative scheme and procedure set out in the statute.

Section 5(d) authorizes the *ex parte* appointment of a Supervisory Representative in Charge as a preliminary and temporary expedient for carrying on and at the same time adequately protecting the business of the Association until the more deliberate process of hearing and decision prerequisite to the appointment of a receiver or conservator can be accomplished. This section also expressly provides for judicial review after this decisional culmination of the second stage of administrative action, but it neither authorizes nor in any way suggests judicial intervention at an earlier stage. Indeed, the language used is not consistent with judicial intervention at the outset. It is provided that the "Board shall have exclusive jurisdiction to appoint a Supervisory Representative in Charge." It may exercise this exclusive power

whenever "in the opinion of the Board" there is justification for a receivership and "the Board determines" that there is a justifying emergency. We think Congress could not have made clearer that it was providing for preliminary action without delay whenever the Board's judgment as to the gravity of the situation and the urgent need for immediate corrective measures should dictate such a course. As one court has said, analyzing this section: "on its face the statute gives the Board an absolute discretion." Beacon Federal Savings and Loan Ass'n v. Federal Home Loan Bank Board, D.C. E.D.Wis.1958, 162 F.Supp. 350, 353. In these circumstances, the interposition of a law suit at this stage would necessarily prevent that immediate action in an emergency situation which Congress has sanctioned.

In the nature of the matter involved, it is entirely understandable that Congress should have viewed the danger of harm to the local enterprise through any error of judgment or even abuse of discretion by the responsible national Board in this preliminary procedure as far less than the danger to the enterprise, its investors and the public generally, if the Board should not be empowered immediately to supersede management whenever in its view an emergency should so require. It is to be remembered that this temporary supersession involves no liquidation, no alteration of existing interests, and no discontinuity in the business of the Association, but only a substitution pendente lite of the Board's representative for the directors and officers of the Association in the control and management of its affairs.

But whatever the advantages or disadvantages of this procedure may be, the decisive thing is that Congress has authorized the Board in the exercise of its discretion, to take preliminary *ex parte* action. A court cannot interfere with such authorized administrative action without "asserting a primary jurisdiction clearly without foundation or justification in law." See Home Loan Bank Board v. Mallonee, 9 Cir., 1952, 196 F.2d 336, 357. In the language of the Supreme Court: "Where Congress has clearly commanded that administrative judgment be taken initially or exclusively, the courts have no lawful function to anticipate the administrative decision with their own, * * * To do this not only would contravene the will of Congress as a matter of restricting or deferring judicial action. It would nullify the congressional objects in providing the administrative determination." See Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 767, 67 S.Ct. 1493, 1501, 91 L.Ed. 1796. This principle has precluded judicial restraint of administrative action which may well be viewed as more rather than less drastic than anything done or threatened here. E. g. Adams v. Nagle, 1938, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999 (making and collecting of assessments by Comptroller of Currency on national banks); Ewing v. Mytinger & Casselberry, Inc., 1950, 339 U.S. 594, 70 S.Ct. 870, 94 L. Ed. 1088 (*ex parte* confiscation of misbranded articles deemed dangerous to health). It is decisive here. Cf. Home Loan Bank Board v. Mallonee, supra.

■ Finally, the opinion of the court below suggests that the allegation that the Board made a "threat" to take over management and control of the affairs of the Association, unless certain steps should be taken to correct a situation viewed by the Board as dangerous and improper, charges a special impropriety which adds to the case for judicial intervention. But we cannot see how a threat of a party to follow a course can give a court greater power than an actual decision to adopt that course, or even action to implement such a decision. Indeed, this very point has recently been made in an indistinguishable situation by the Court of Appeals for the Fifth Circuit. Miami Beach Federal Savings and Loan Association v. Callander, 5 Cir., 1958, 256 F.2d 410.

We conclude that the district court was wholly without power to grant the relief sought in the complaint in this

case and should, therefore, have granted the motion to dismiss.

The judgment will be reversed and the cause remanded for dismissal of the complaint.