INVESTORS SAVINGS ASSOCIATION, et al.

v.

The FEDERAL SAVINGS & LOAN INSURANCE CORPORATION, et al.

Civ. A. No. H–84–1118.

United States District Court,
S.D. Texas,
Houston Division.

April 3, 1984.

James J. McConn, Jr., Taylor, Hays, Price, McConn & Pickering, Houston, Tex., for plaintiffs.

Charles R. Gregg, Hutcheson & Grundy, Houston, Tex., Henry Robinson, Asst. Atty. Gen., Austin, Tex., for defendants.

## MEMORANDUM AND ORDER

DeANDA, District Judge.

Investor Savings Association is a savings and loan association chartered in Texas with its principal offices in Houston, Texas. Plaintiffs Dove Professional Management, Inc., Robert W. Hitchman, Jr., Dr. Llewellyn L. Mowery, Dr. Robert V. Shearer, and Kenie Lee Braham ("Shareholders") are shareholders of Investors Savings and collectively own 85.2% of the total outstanding stock of Investor Savings. The Defendant agencies are the federal and state organizations which regulate and supervise Investors Savings. The individual Defendants are members of the Defendant agencies' boards. The Plaintiffs filed this action seeking a temporary restraining order and injunctive relief to restrain the Defendants "from taking any action that would adversely affect or impair the Shareholders' interest" in Investors Savings. The De-

fendants have filed motions to dismiss asserting that the Court does not have jurisdiction.

In July 1982, the Shareholders made an offer to purchase a minimum of 80% of the total outstanding stock of Investors Savings, and the offer was accepted by shareholders owning 85.2% of Investors Savings outstanding stock. On August 10, 1982, Shareholders filed their applications for change of control to obtain approval from the Defendants. Shareholders stated in their applications that they intended to purchase between 80% and 100% of the outstanding stock and contribute new capital of $1,700,000. Investors Savings had been experiencing financial and management difficulties and had been under voluntary supervisory control by the Texas Savings and Loan Commission since February 1982. The FSLIC wrote the Shareholders on December 9, 1982, and informed them that it did not intend to disapprove the proposed change of control of Investors Savings, provided that the acquisition was consummated within one year and absent any material changes in circumstances. The FSLIC also imposed other conditions concerning the individuals who could be officers and directors. The Texas Savings and Loan Commission informed the Shareholders in December 1982 that it had no objection to the change of control. After they received the Defendants' letters, Shareholders purchased 85.2% of the outstanding stock of Investors Savings on December 21, 1982, and a new board of directors representing Shareholders was elected.

The Shareholders had problems obtaining financing for the $1.7 million for the capital infusion. Numerous letters have been exchanged between the Plaintiffs and the Defendants concerning the delay of the capital infusion. The Shareholders now state that they have obtained the $1.7 million and want to infuse the money into Investors Savings. The Defendants oppose this move stating that the $1.7 million is not sufficient to resolve the financial problems at this time and that there have been material changes in the circumstances of Investors Savings.

The Defendants have moved to dismiss this cause of action contending that the Court lacks jurisdiction. The Defendants assert that Congress has entrusted change of control matters to the FSLIC with judicial review in the Court of Appeals. Further, the Defendants state that the case is not ripe for judicial intervention because the Defendants have not taken any action. The Texas Savings and Loan Department states that any actions against it must be commenced in state court.

The Plaintiffs respond that they have properly invoked the Court's jurisdiction pursuant to 12 U.S.C. § 1730(k)(1) which provides that federal district courts have jurisdiction over any civil proceeding to which the FSLIC is a party unless the FSLIC is a party in its capacity as a receiver or legal custodian and the suit involves only the rights and obligations of investors under state law.

The Plaintiffs also assert that the Court has jurisdiction under 28 U.S.C. § 1331 to review actions by federal agencies and the validity of their regulations. Although 28 U.S.C. § 1331 is not mentioned in Plaintiffs' original complaint, they have moved to amend their complaint to add 28 U.S.C. § 1331. The Plaintiffs contend that they have sought to use a specific form of purchase accounting for their acquisition of Investors Savings. The FSLIC and FHLBB guidelines and regulations control whether such a method may be used. Therefore, the Plaintiffs argue that the Court has jurisdiction to determine the validity of these regulations and the Defendants' actions concerning the regulations.

The Plaintiffs' final argument is that the Court's jurisdiction is not limited by 12 U.S.C. § 1464(d)(6) (appointment of receiver) or by 12 U.S.C. § 1729(c)(3) (change of control). The Plaintiffs contend that 12 U.S.C. § 1464(d)(6) limits the power of courts after a receiver has been appointed, but since no receiver has been appointed nor is one sought, the section should not limit the Court's jurisdiction. Under 12 U.S.C. § 1729(c), the Plaintiffs suggest, the

FHLBB does not have exclusive power over a state-chartered financial institution until the FHLBB has made specific determinations which lead it to conclude a receiver is necessary and these determinations have not been made for Investors Savings.

The Change in Savings and Loan Control Act, 12 U.S.C. § 1730(q), outlines the procedures by which ownership and control of a savings and loan institution can be changed. Under the administrative scheme set up by the FSLIC, the FSLIC must be notified of a change of control before such a change can be accomplished. The FSLIC then reviews the plan and notifies the proposed acquirer of its disapproval or its approval if the plan is consummated within a year and there is no material change in circumstances before the acquisition. 12 C.F.R. § 563.18–2(q)(2).

If the FSLIC disapproves the plan, then the potential acquirer may request an agency hearing. After the hearing, the FSLIC may approve or disapprove the proposed acquisition. 12 U.S.C. § 1730(q)(4). If the acquisition is disapproved, the potential acquirer may obtain review of the FSLIC's decision by the United States Court of Appeals for the circuit in which the home office of the savings and loan is located or in the Court of Appeals for the District of Columbia. 12 U.S.C. § 1730(q)(5). The Court of Appeals may set aside the findings of the FSLIC if they are found to be arbitrary or capricious or are found to violate procedures established by the Act. *Id.*

The change of control of Investors Savings was provisionally approved by the Defendants in December 1982; however, the Shareholders have failed to consummate the change within a year. Thus far, the FSLIC has not taken any action to formally disapprove the Shareholders acquisition although the Defendants have indicated that they believe that there have been material changes in Investors Savings circumstances. It is clear from the statute that if the FSLIC disapproves the Shareholders acquisition of Investors Savings, then the Share-

holders will have adequate administrative and judicial remedies to protect their interests.

The statute governing the appointment of a conservator or receiver, 12 U.S.C. § 1464, provides that the FHLBB has exclusive jurisdiction to appoint a conservator or receiver if one is needed in the FHLBB's opinion. If a receiver is appointed, the savings and loan may bring an action in the United States District Court in the district in which the home office is located or in the United States District Court for the District of Columbia. The district court then has the power to dismiss the action or direct the FHLBB to remove the receiver. The district court's review of the FHLBB's action is a limited one; the district court is to determine whether the statutory grounds for appointment of a receiver have been met. *Biscayne Federal Savings & Loan Ass'n v. FHLBB*, 720 F.2d 1499 (11th Cir.1983). Congress has given such broad control and authority to the FHLBB to allow the FHLBB to react swiftly to "minimize economic loss in instances of troubled and failing financial institutions." *Id.* at 1503.

Although there are cases cited by the parties which deal with the appointment of receiver, most of the cited cases involve actions by savings and loans to obtain relief after a receiver had already been appointed. *See, e.g., Biscayne Federal Savings & Loan Ass'n v. FHLBB*, 720 F.2d 1499 (11th Cir.1983); *First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n of Hawaii*, 547 F.Supp. 988 (D.Hawaii 1982). Another case cited by the Defendants, *Greater Delaware Valley Federal Savings & Loan Ass'n v. FHLBB*, 262 F.2d 371 (3d Cir.1958) involves an action by a savings and loan to enjoin the appointment of a receiver on a temporary basis. The Third Circuit concluded that the statute provided for judicial review after the appointment of a receiver and a hearing but that it "neither authorizes nor in any way suggests judicial intervention at an earlier stage." *Id.* at 373. The FHLBB has thus far not taken any steps to appoint

a receiver, and until such action is taken the Plaintiffs do not have a cause of action concerning a receiver.

The Texas Savings and Loan Department is authorized by statute to place savings and loans under supervision or in receivership. *See* Tex.Rev.Civ.Stat.Ann. art. 852a § 8.16 (Vernon Supp.1984). Any actions against the Texas Savings and Loan Department must be commenced in the state court system, and the Texas Savings and Loan Act provides both administrative and judicial remedies for savings and loans which have been placed under supervision. Tex.Rev.Civ.Stat.Ann. art. 852a §§ 11.11, 11.12 (Vernon 1964). The Plaintiffs have remedies available under state law to contest any actions by the Texas Savings and Loan Department.

The Court concludes that it does not have jurisdiction over this case. The Defendants have not taken any actions which give rise to a cause of action by the Plaintiffs. If and when the Defendants take any steps which are adverse to the Shareholders' interest in Investors Savings, the Plaintiffs have adequate remedies, administrative and judicial remedies, available. Until the Defendants take such steps, this matter is best entrusted to the expertise of the administrative agencies.

The Plaintiffs have moved to amend their complaint to add 28 U.S.C. § 1331 asserting that they have a cause of action concerning the validity of regulations. Again, until the Defendants have taken action under these regulations, the Plaintiffs cannot state a cause of action on this issue. The Court concludes that the Plaintiffs' motion should be denied.

Accordingly, the Court ORDERS that the Plaintiffs' motion to amend is DENIED and the Defendants' motions to dismiss are GRANTED.