**GIBRALTAR BUILDING AND LOAN ASSOCIATION, INC., a Maryland corporation, Plaintiff,**

v.

**STATE SAVINGS AND LOAN ASSOCIATION, a Utah corporation, Investment Mortgage International, Inc., a California corporation, and J. William Oldenburg, Defendants.**

No. C-85-1469 EFL.

United States District Court, N.D. California.

May 2, 1985.

James E. Burns, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff.

Michael Traynor, Cooley, Godward, Castro, Huddleson & Tatum, Samuel R. Miller, Morrison & Foerster, San Francisco, Cal., for defendants.

## ORDER RE WRIT OF ATTACHMENT

LYNCH, District Judge.

This motion is before the Court on the plaintiff's *ex parte* application for a right to attach order and for a writ of attachment.

The plaintiff, Gibraltar Building and Loan Association, Inc. ("Gibraltar"), filed suit on February 8, 1985 against State Savings and Loan Association ("State Savings"), Investment Mortgage International ("IMI") and J. William Oldenburg. Gibraltar's complaint charged the defendants with fraud and breach of contract arising from a loan participation agreement entered into by the parties in 1984.

On March 19, 1985, Gibraltar applied for a right to attach order and a writ of attachment or, alternatively, a temporary protective order. The Court granted the plaintiff's request for a protective order. That order prohibited State Savings from transferring any interest in the property covered by the participation agreement and required the defendant bank to segregate those payments from the property's mortgages and Deeds of Trust. Such payments could not be transferred or made unavailable to levy except as provided by law or other Court order.

On April 12, 1985, the Federal Home Loan Bank Board ("FHLBB") appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiver for State Savings pursuant to 12 U.S.C. section 1729(c)(1)(B)(i)(I). As of that date, FSLIC took possession of title to all assets of State Savings. In addition to succeeding to State Saving's property, FSLIC was empowered under 12 U.S.C. section 1729(c)(1)-(B)(i)(II) to exercise specific receivership powers, including liquidation of assets. *See* 12 U.S.C. § 1729(b)(1)(A)(v).

FSLIC has elected to liquidate State Savings. It has already transferred the bank's accounts to two FSLIC-insured institutions and is proceeding expeditiously to liquidate State Saving's remaining assets.

Five days after the receivership began, the plaintiff Gibraltar filed a second *ex parte* application to attach the stream of income associated with nine separate properties held by State Savings. This is the application now before the Court. The Court considers this request as a new writ of attachment, not merely an extension of its prior protective order. Seven of the nine properties from which the plaintiff now seeks to attach income were not mentioned in the Court's March 19 (pre-receivership) order. The vastly expanded scope of this new request makes it impossible for the Court to view this motion as simply a modification or clarification of its earlier order.

 The plaintiff Gibraltar, therefore, asks this Court to enter a protective order or writ of attachment against FSLIC, as receiver for State Savings, on that income derived from nine different properties held by the defendants. Such a post-receiver remedy is expressly prohibited by statute. *See North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096, 1103 (5th Cir.1985) ("[W]here the relief requested would interfere with ... the effect of any exercise of receivership power, the suit must be dismissed in favor of administrative proceedings before the FHLBB."). As stated in 12 U.S.C. section 1464(d)(6)(C), Congress has prohibited this Court from taking any judicial action in this situation that would impair or effect FSLIC's power as receiver.[1] Specifically, as to pre-judgment writs of attachment, 12 U.S.C. section 1730(k)(1) bars this Court from issuing any orders or writs of attachment against FSLIC or its property before final judgment in any action.[2]

To avoid judicial interference that might hinder the ability of FSLIC to act quickly and decisively in liquidating State Savings, the Court declines to grant plaintiff the relief sought here. As the plaintiff's underlying complaint, however, goes to the pre-receivership conduct of the defendants, the legal determination of the debt due under this participation agreement may be judicially established. *North Mississippi,* 756 F.2d at 1102. The issue of whether this Court has jurisdiction to make such a determination is not yet before it.

Plaintiff's motion for an order and writ of attachment and for an extension of the protective order is denied.

IT IS SO ORDERED.

---

1. The single exception to this general prohibition permits an association in receivership to file suit in federal district court to challenge the FHLBB's appointment of a conservator or receiver. 12 U.S.C. § 1464(d)(6)(A).

2. The Court rejects plaintiff's argument that "Corporation" as defined within section 1730(k)(1) does not include FSLIC when it is acting as a receiver, but instead applies only to the agency in its individual capacity as an insurer. *See, e.g., Hancock Fin. Corp. v. Fed. Sav. and Loan Ins. Corp.,* 492 F.2d 1325 (9th Cir.1974).