John B. HARALSON and Ben Milam
Savings & Loan Association,
Appellants,

v.

FEDERAL HOME LOAN BANK
BOARD, et al.

John B. HARALSON and Mercury
Savings Association of Texas,
Appellants,

v.

FEDERAL HOME LOAN BANK
BOARD, et al.

John B. HARALSON, et al., Appellants,

v.

FEDERAL HOME LOAN BANK
BOARD, et al.

John B. HARALSON, et al., Appellants,

v.

FEDERAL HOME LOAN BANK
BOARD, et al.

Nos. 86–5363, 86–5364, 86–5671
and 86–5672.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 20, 1987.

Decided Jan. 22, 1988.

Karl Alexander, Pittsburgh, Pa., of the bar of the Supreme Court of Pennsylvania, and Robert L. Henry, of the bar of the Supreme Court of Michigan, pro hac vice, by special leave of this Court, for appellants. Stephen D. Susman, Randall W. Wilson, Houston, Tex., Judah Best, Ronald S. Cooper and Howard H. Stahl, Washington, D.C., were on the brief, for appellants. Henry N. Libby, Washington, D.C., also entered an appearance, for appellants.

Kirk K. Van Tine, Washington, D.C., with whom Perry O. Barber, Jr., Houston, Tex., Peter A. Moir, Dallas, Tex., William C. Slusser, Houston, Tex., Harry W. Quillian, General Counsel, Federal Home Loan Bank Bd., Ralph Christy, Deputy General Counsel, Federal Home Loan Bank Board, William K. Black, Sr. Associate General Counsel, Federal Home Loan Bank Bd., and Paul W. Grace, Associate General Counsel, Federal Home Loan Bank Bd., Washington, D.C., were on the brief, for appellees. Dorothy L. Nichols, Washington, D.C., and Jordan Luke also entered appearances, for appellees.

Before WALD, Chief Judge, SENTELLE, Circuit Judge, and GIBSON,* Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

These appeals arise from litigation brought by two savings and loan plaintiffs and their principal shareholder (collectively referred to herein as "the Associations") against the Federal Home Loan Bank Board (FHLBB) and the Federal Savings and Loan Insurance Corporation (FSLIC). The Associations contest the FHLBB's appointment of the FSLIC as conservator of the Associations' assets. In Nos. 86–5671 and 86–5672, the Associations seek review of the District Court's order, 655 F.Supp. 1550. Denying an award of interim counsel fees from the assets being held by the conservator. In Nos. 86–5363 and 86–5364, they seek to overturn a ruling of the District Court denying an injunction to prevent the conservator from liquidating the major assets of the Associations during the pendency of litigation contesting the conservator's appointment. For the reasons set forth below, we find the attorney's fee question to be an interlocutory appeal and, therefore, dismiss the appeals raising that issue. As to the injunctive question, we find no merit in the Associations' assertions of error and, therefore, affirm the judgment of the District Court.

## I. COUNSEL FEES

■ Shortly before the FHLBB initiated action against the Associations, they placed retainer deposits from the Associations' assets with two law firms which had represented them previously, and which the Associations contemplated would represent them in these cases. The FSLIC, as conservator, took possession of the unearned retainer balances. In District Court, the Associations sought an order requiring payment of those retainer balances into the Court registry for the purpose of creating a fund from which to pay the Associations' legal fees and expenses in these cases. The District Court refused to grant that order noting that the only authority for the award of attorney's fees in a case of this sort is 12 U.S.C. § 1464(d)(8)(A), which permits an award to "... any such party [association, director, or officer] *which prevails* ..." (emphasis supplied). Therefore, the District Court reasoned that since the plaintiffs had not prevailed, they were outside the terms of the statute, and the court was without authority to make the awards sought. Consequently, the District Court denied the Associations' petition.

In determining whether the District Court's order is reviewable, we must look to 28 U.S.C. § 294(d).

* Of the United States Court of Appeals for the Eighth Circuit, sitting by designation pursuant

first to the general rule that finality of judgment normally is required as a predicate for federal appellate jurisdiction. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). This principle is embodied in 28 U.S.C. § 1291 which grants us jurisdiction to review "all *final* decisions of the district courts." (emphasis supplied). This case does not fall within any of the statutory exceptions to the finality rule,[1] nor was this question certified for immediate appeal.[2] Therefore, this matter is not properly before us unless it comes within the small category of exceptions created in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and clarified by *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). *Coopers & Lybrand* requires that for an interlocutory decision to come within the court created exception, "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 468, 98 S.Ct. at 2457 (citations omitted). Without reviewing either the merits of the appellants' exception or the presence or absence of the first two elements drawn from *Coopers & Lybrand,* this appeal must be dismissed since the District Court's order is not "effectively unreviewable on appeal from a final judgment."

Appellants argue that the question is effectively unreviewable on appeal from a final judgment because they cannot afford to employ counsel to pursue the action to final judgment nor to appeal therefrom without the interim award sought. Whether this general proposition might have merit in another case, the record does not support its application here. It is plain from the record that counsel appeared for the Associations and their shareholder in District Court. The same counsel appears here. Counsel for the Associations conclusively represented to the District Court that they would not seek to withdraw from this litigation for nonpayment of fees. Therefore, for this reason, if for no other, the Associations' appeals are fatally devoid of finality and must be dismissed. *Coopers & Lybrand v. Livesay, supra,* at 477, 98 S.Ct. at 2462.

## II. THE DENIAL OF THE INJUNCTION

The remaining appeals attack the District Court's order refusing to restrain the sale of major assets (specifically subsidiaries) of the Associations.[3] Appeal from that order is properly before us under 28 U.S.C. § 1292(a)(1). The District Judge approached the plaintiffs' prayer by first reviewing the statutory framework concerning judicial review of FHLBB action against savings and loans. As she noted, Congress set forth the exclusive means of judicial review to challenge the appointment of a conservator in 12 U.S.C. § 1464(d)(6)(A), which provides, in pertinent part:

> In the event of such appointment [of a conservator], the association may, within 30 days thereafter, bring an action ... [in] the United States District Court for the District of Columbia, for an order requiring the Board to remove such conservator ..., and the court shall upon the merits dismiss such action or direct the Board to remove such conservator....

The exclusivity of this challenge is reflected in 12 U.S.C. § 1464(d)(6)(C), which expressly prohibits the sort of relief sought in this case, stating:

> Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board restrain or affect the exercise of powers or functions of a conservator or receiver.

1. *See generally* 28 U.S.C. § 1292.

2. *See* 28 U.S.C. § 1292(b).

3. In the case of Mercury Savings and Loan, the District Court's order simply constituted a denial of preliminary injunction. In the case of the Ben Milam Association, the District Judge also dissolved the temporary restraining order entered by a Texas District Court before the transfer of that action to the District of Columbia. We would also note that in neither case does a sale of assets appear imminent.

# 1126

While the parties engaged in some debate over the legislative history of the quoted sections and its bearing upon discerning the intent of Congress, the District Court correctly ruled that the clear language of the statutes foreclosed any other claims against the conservator while the statutory challenge was still pending.[4] In *Biscayne Federal Savings and Loan Association v. Federal Home Loan Bank Board,* 720 F.2d 1499 (11th Cir.1983), the only injunction of the sort sought by the plaintiffs herein, ever to be granted, was dissolved on the conclusion "that the District Court had no authority to disrupt the appointment of, or limit the authority of, the FSLIC as receiver for Biscayne once a statutory ground for receivership has been found to exist...." *Id.* at 1506.[5] The District Court in the instant case, unlike the District Court in *Biscayne,* recognized its lack of authority and properly declined to issue the injunction.

■ The Associations, however, assert that if the statute is construed to limit the Court's jurisdiction, it is then unconstitutional since the sale of assets amounts to a deprivation of property without due process of law in violation of the Fifth Amendment. However, a review of the authorities makes it plain that the statute as written and construed is not unconstitutional. The statute provides a mechanism for review, albeit one available only after the seizure of assets. However, the fact that judicial review is available only after the fact does not, in and of itself, render that review constitutionally inadequate.

While there is a sparsity of authority on facts analogous to those at bar, the Supreme Court has so held in other circumstances. By way of example, in *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), the Supreme Court dealt with an argument parallel to the Associations' proposition here. In that case, Bob Jones University lost its status as a tax-exempt organization and was denied pre-deprivation review by an anti-injunction statute. On appeal, the University made the same sort of due process arguments before us here. The Supreme Court held "these review procedures offer petitioner a full, albeit delayed, opportunity to litigate the legality of the service's revocation of tax-exempt status and withdrawal of advance assurance of deductibility." *Id.* at 746, 94 S.Ct. at 2051. Similarly, the removal procedure in 12 U.S.C. § 1464[6] provides post-deprivation judicial review.

In reaching our conclusion as to the constitutionality of the statute on its face, we consider the due process analysis reviewed in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), reflecting the weighing of three distinct factors:

First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute, procedural safeguards; and finally, the government's interest, including the function involved and the physical and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335, 96 S.Ct. at 903 (citation omitted).

In this case, Congress has obviously weighed the competing interests of deposi-

4. *See North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096, 1101 (5th Cir.1985), *cert. denied,* 106 S.Ct. 790 (1986); *Fidelity Savings & Loan Association v. FHLBB,* 689 F.2d 803 (9th Cir.1982); *Gibraltar Building and Loan Association v. State Savings & Loan Association,* 607 F.Supp. 722 (N.D.Cal.1985); *Investors Savings Association v. FSLIC,* 583 F.Supp. 974 (S.D.Texas 1984); *First Savings & Loan Association v. First Federal Savings and Loan Association,* 531 F.Supp. 251 (D.Hawaii 1981) and 547 F.Supp. 988 (D.Hawaii 1982); *Telegraph Savings & Loan Association v. FSLIC,* 564 F.Supp. 862, 868 (N.D.Ill.1981), *aff'd sub nom. Telegraph Sav-*

*ings & Loan Association v. Schilling,* 703 F.2d 1019 (7th Cir.1983), *cert. denied,* 464 U.S. 1215 (1984).

5. Reversing 561 F.Supp. 1046 (S.D.Fla.1983).

6. For purposes of the constitutional discussion, we assume that the sale of assets would constitute a deprivation of property. The Board argues that this is not the case since the value received for the assets would adequately replace them. In view of the conclusion we reach, we need not decide this point.

tors against those of owners and operators in the drastic circumstances of insolvency or mismanagement. Therefore, "[r]ecognizing that swift action is often necessary to minimize economic loss in instances of troubled and failing financial institutions, Congress has given, in the statutory provisions at issue here, an awesome amount of control and authority to the FHLBB in the event of such crises." *Biscayne Federal Savings & Loan, supra,* at 1503.

Therefore, we conclude that the statute is constitutional on its face. The Associations' contentions offer no basis for determining that the deprivation confronted here is any more serious than the deprivation of due process alleged in *Bob Jones University, supra.* Consequently, the decisions of the District Court are affirmed.

### III. CONCLUSION

For the reasons set forth above, the Associations' interlocutory appeals in Nos. 86–5671 and 86–5672 are dismissed, and the District Court's denial of injunctive relief in Nos. 86–5363 and 86–5364 is affirmed.