724 F.Supp. 683 (1989)
SARATOGA SAVINGS AND LOAN ASSOCIATION, et al., Plaintiffs,
v.
FEDERAL HOME LOAN BANK OF SAN FRANCISCO, et al., Defendants.
No. C 88-20656 (SW).
United States District Court, N.D. California.
May 30, 1989.
As Corrected September 7, 1989.
*684 Joseph L. Alioto, Patricia E. Henle, Richard D. Rosenberg, Alioto & Alioto, San Francisco, Cal., for plaintiffs.
Thomas A. Segal, Charlotte M. Kaplow, Edward J. O'Meara, Office of Gen. Counsel, Federal Home Loan Bank Bd., Washington, D.C., for Federal Home Loan Bank Bd.
Elizabeth R. Moore, Trial Atty., U.S. Dept. of Justice, Civ. Div., Torts Branch, Washington, D.C., for Individual defendants.
Pillsbury, Madison & Sutro, James N. Roethe, Bruce A. Ericson, Thomas V. Loran, III, Paula L. Levitan, San Francisco, Cal., for defendant Federal Home Loan Bank of San Francisco.

ORDER GRANTING MOTION TO DISMISS COMPLAINT
SPENCER WILLIAMS, District Judge.
This action came before the court on May 10, 1989, for hearing on the various defendants' motions to dismiss and on the individual defendants' motion to substitute the United States as defendant. At the conclusion of oral argument, the court took the matter under submission. The court now GRANTS the defendants' motions and DISMISSES the complaint.

BACKGROUND:
The complaint in this action is filed by four plaintiffs  Saratoga Savings & Loan Association ("Saratoga"), California Holding Securities, Inc. ("CHS"), and Jess and Donna Rodrigues. CHS is a holding company that owns 100% of Saratoga's issued and outstanding stock. Mr. and Mrs. Rodrigues are the sole shareholders of CHS.
Named as defendants are the Federal Home Loan Bank of San Francisco ("FHLB-SF") and seven FHLB-SF employees.[1] On December 23, 1988, plaintiffs stipulated to the Federal Home Loan Bank Board's ("FHLBB") intervention as to the first and second claims.
Plaintiff Saratoga is a thrift institution whose depositors' accounts are insured by the FSLIC. As a FSLIC-insured institution, Saratoga is subject to examination and supervision by the FHLBB. Congress has invested the FHLBB with broad discretionary powers over FSLIC-insured savings and loan associations to maintain the financial stability of the thrift industry and to protect the thrifts' depositors. In addition, the FHLBB is charged with establishing and administering the Federal Home Loan Bank System, which is comprised of twelve regional Federal Home Loan Banks. The FHLB-SF is the regional Federal Home Loan Bank responsible for Saratoga's district.
Pursuant to 12 U.S.C. § 1437(a), the FHLBB may delegate certain of its examination and supervisory functions, and it has exercised that authority by delegating supervisory and examination duties to persons who are officers and employees of the regional Federal Home Loan Banks, but allegedly it has not delegated that authority *685 to the Banks themselves. The individuals who exercise those delegated powers are referred to as "Supervisory Agents" of the FHLBB. The president of the Bank functions as the "Principal Supervisory Agent."
The allegations of the complaint fall into two categories. First, the complaint attacks the validity of an examination of Saratoga by defendant Cook in October 1985 and the formal action taken by the FHLBB based on that examination. Grounded on defendant Cook's conclusions, the FHLBB issued a Notice of Charges against Saratoga, which ultimately resulted in a cease-and-desist order. Saratoga petitioned the Ninth Circuit for review pursuant to 12 U.S.C. § 1730(j) before filing this action.
Second, plaintiffs complain that a recent examination of Saratoga was unduly lengthy and expensive, resulted in disclosures of confidential information, and was undertaken for retaliatory motives to threaten and harass Saratoga.
All of these allegations are incorporated into each of the complaint's eight purported claims.[2] The first claim seeks a declaratory judgment that the FHLBB's delegation of examination functions to FHLB-SF employees is unlawful and void and that all actions undertaken pursuant to that delegation are likewise void. The second claim prays for an injunction restraining defendants from threatening further supervisory action against Saratoga or disclosing any information about Saratoga. The third through fifth claims seek $10 million in damages for alleged negligent and intentional interference with Saratoga's FSLIC contract of insurance. The sixth and seventh claims seek treble damages under federal and state antitrust law based on an alleged conspiracy in restraint of trade. Finally, the eighth claim seek damages based on an alleged conspiracy to interfere with plaintiffs' prospective economic advantage as a savings and loan business.
All of the defendants move to dismiss, and the individual defendants' move to substitute the United States as defendant.

DISCUSSION:

I. The FHLB-SF's Motion to Dismiss

Defendant FHLB-SF seeks a dismissal of the claims against it because allegedly the actions of which Saratoga complains were taken not on behalf of the FHLB-SF but solely on behalf of the FHLBB and the FSLIC.
The Federal Home Loan Bank Act expressly authorizes the FHLBB to delegate any of its responsibilities, except rulemaking and formal adjudications, to employees or administrative units of the regional Federal Home Loan Banks. 12 U.S.C. § 1437(a). The FHLBB by regulation has delegated to the Bank Presidents (known as Principal Supervisory Agents) and to individual employees of the Banks (known as Supervisory Agents and Examiners), but not to the Banks themselves, authority to supervise and examine FSLIC-insured thrifts. 12 C.F.R. §§ 500.32(b); 501.10, 501.11 and 561.16c. When performing these delegated functions, Bank employees, by law, act as agents of the FHLBB and FSLIC, and not as agents of the Bank. Neither the Banks, nor their directors, have any responsibility or liability for monitoring or supervising Bank employees performing these functions. 12 C.F.R. § 522.62. As the FHLBB's General Counsel has stated, when Bank employees perform supervisory or examination functions, "such personnel perform their delegated functions exclusively for and under the control of the Board [FHLBB] and the FSLIC." Op. Off. General Counsel 5 (September 27, 1985). Therefore, under the "borrowed servant" rule, see Standard Oil v. Anderson, 212 U.S. 215, 224-25, 29 S.Ct. 252, 255, 53 L.Ed. 480 (1909), the FHLB-SF is not liable for whatever its employees do in their capacities as Supervisory Agents. In addition, the FHLB-SF's directors, by law, have no responsibility or liability for *686 examination or supervisory functions. 12 C.F.R. § 522.62. Therefore, FHLB-SF's motion to dismiss the claims against it is GRANTED.

II. The FHLBB's Motion to Dismiss

The FHLBB, by stipulation, is only a defendant for counts 1 and 2. Both of these counts must be dismissed, not only as to the FHLBB, but as to the remaining defendants as well.

A. First Cause of Action for Declaratory Relief/Unlawful Delegation
Saratoga alleges that the FHLBB had no authority to delegate to employees of the Federal Home Loan Banks, such as FHLB-SF, the responsibility to examine thrift institutions.[3] However, such delegation is specifically statutorily authorized. The Federal Home Loan Bank Act provides that the FHLBB may delegate "any function" of the FHLBB (except the promulgation of rules and regulations, and adjudications) to "any officer, employee, agent or administrative unit" as the FHLBB "deems appropriate." 12 U.S.C. § 1437(a). In fact, in light of the recent difficulties in the savings and loan industry, Congress has encouraged and supported the FHLBB's actions delegating its supervisory and examining functions to its agents at the regional Federal Home Loan Banks. House Committee on Government Operations, H.R. Rep. 1088, 100th Cong., 2d Sess. 90 (1988).
Saratoga takes issue with the fact that the FHLBB failed to follow the Administrative Procedure Act ("APA") notice-and-comment procedures when it issued Resolution 85-186 delegating examination functions. However, matters of "agency management" and "rules of agency organization, procedure or practice" are not subject to the notice and comment requirement of the APA. 5 U.S.C. § 553(a)(2), (b)(A).
As its final attack on the delegation, Saratoga argues that the FHLBB unlawfully delegated the examination and supervision function to Saratoga's competitors, the Directors of the FHLB-SF, and that those competitors used this power to somehow harm Saratoga. However, the Directors of the FHLB-SF have been given no authority to participate in the supervision or examination functions of the FHLBB. The delegation flows not to the FHLB-SF itself or to the Directors, but only to designated employees of the FHLB-SF acting as the FHLBB's agents for those examination and supervision purposes. The examiners are answerable to the FHLB-SF's president in his capacity as the FHLBB's Principal Supervisory Agent, who in this capacity is answerable directly to the FHLBB in Washington, D.C.
If the plaintiffs believe that the Directors of the FHLB-SF have somehow taken advantage of their proximity to the Supervisory Agents and have wrongfully involved themselves in the agency functions of supervision and examination, then plaintiffs may have a cause of action against these directors as individuals. However, none of these individual directors are defendants in this lawsuit. The FHLB-SF cannot be held liable for actions of the directors which are a "substantial deviation from duties for personal reasons," Cordts v. Boy Scouts of America, Inc., 205 Cal.App.3d 716, 720, 252 Cal.Rptr. 629, 631 (1988), nor can the FHLBB be held liable for the exercise of "authority" it never delegated or authorized in any way.
Consequently, as a matter of law, this court holds that the delegation is proper.

B. Second Cause of Action for Injunctive Relief
The second cause of action of the complaint alleges that defendants have harassed Saratoga by conducting "abusive" *687 and "unreasonable" examinations and threatening "to close Saratoga down and appoint a new Board of Directors," and Saratoga seeks an injunction prohibiting such practices in the future.[4]
However, only agency action made reviewable by statute and final agency action for which there is no other adequate remedy are subject to judicial review. 5 U.S.C. § 704; FTC v. Standard Oil Co., 449 U.S. 232, 239-43, 101 S.Ct. 488, 493-95, 66 L.Ed.2d 416 (1980). The mere threat of future agency action does not, in and of itself, constitute final agency action. In Greater Del. Val. Fed. Savings & Loan Ass'n v. FHLBB, 262 F.2d 371 (3rd Cir. 1958), the FHLBB allegedly threatened to take ex parte action to appoint a conservator or receiver unless the association removed its directors. The Third Circuit stated "we cannot see how a threat of a party to follow a course can give a court greater power than an actual decision to adopt that course, or even action to implement such a decision." Id. at 374. This court has no jurisdiction to enjoin the FHLBB from conducting further examinations or from initiating enforcement proceedings.
Therefore, this court GRANTS the FHLBB's motion to dismiss the first and second causes of action. As the individual defendants incorporated the FHLBB's position on these two counts in their own motion to dismiss, these two causes of action are dismissed as to all defendants.

III. The Individual Defendants' Motion to Substitute the United States as Defendant

Counts 3, 4, 5 and 8 of the complaint assert common law claims for money damages against the individual defendants based on actions taken in the scope of their duties as supervisory and regulatory officials of the FHLBB. Count 7 asserts a claim against these defendants under California's antitrust statute, the Cartwright Act. However, federal law, as amended by the recently-enacted Federal Employees Liability Reform and Tort Compensation Act, Pub.L. No. 100-694 (1988), provides that the exclusive remedy for all these state and common law claims lies against the United States under the Federal Tort Claims Act ("FTCA"), not against any individual federal agent or officer. 28 U.S.C. § 2679(b)(1). Upon certification by the Attorney General or his designee that the individual defendant was acting within the scope of his employment, the action is deemed one against the United States under the FTCA and the United States must be substituted as the defendant. 28 U.S.C. § 2679(b)(2). As the "designee of the Attorney General," the Director of the Torts Branch of the Civil Division of the Department of Justice, has provided this certification, the United States must be substituted in as defendant for the individual defendants on counts 3, 4, 5, 7 and 8.[5]
Therefore, the motion of the individual defendants to substitute the United States is GRANTED.

IV. The United States' Motion to Dismiss

The remaining claims must be dismissed as a matter of law.

A. Failure to exhaust administrative remedies
The state and common law claims for damages asserted in Counts 3, 4, 5, 7 and 8 against the United States can be maintained only in accordance with the FTCA. The FTCA states that "[a]n action shall not be held against the United States *688 for money damages ... unless the claimant shall have first presented the claim to the appropriate federal agency." 28 U.S.C. § 2675(a). The filing of a timely administrative claim is a jurisdictional requirement and an absolute prerequisite to maintaining a civil action against the United States in tort. Muhammad v. Secretary of the Army, 770 F.2d 1494, 1496 (9th Cir.1985). The United States claims that the plaintiffs did not file any such claim.
The plaintiffs respond that the Supreme Court's recent decision in Coit Independent Joint Venture v. FSLIC, ___ U.S. ___, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), eliminated the administrative claim requirement for a claimant seeking damages based on action of the FHLBB or FSLIC. However, the Coit decision is inapposite here, as Coit did not deal with claims against the United States under the FTCA, but with creditor's claims against the assets of a failed savings and loan association under a FSLIC receivership  a completely different context. Inasmuch as the United States has submitted the declaration of Daniel Kurtenbach indicating that none of the plaintiffs filed an administrative claim in this case, as required under the FTCA, this court lacks subject matter jurisdiction over their state law claims for damages against the United States. Moreover, dismissal would be required in this instance even if plaintiffs had filed administrative claims, since for various reasons discussed below, their state law claims are untenable on other grounds.

B. The Individual Counts

1. Count 3
Count 3 asserts a claim for negligent performance of an examination. However, this claim must be dismissed because the federal government's exercise of its regulatory or supervisory functions over insured financial institutions does not give rise to an actionable tort duty in favor of the regulated institution or its shareholder. As the Ninth Circuit held in Harmsen v. Smith, 586 F.2d 156, 157 (9th Cir.1978), "[w]e agree with every other court that has considered the issue that the federal scheme of bank regulation creates no duty ... to shareholders and directors of national banks." The regulators' primary responsibility runs not to the shareholders, but rather "to the maintenance of a sound `thrift' system and particularly to [an institution's] depositors." Biscayne Federal Savings & Loan v. Pratt, 646 F.Supp. 371, 377 (D.D.C.1986) (emphasis in original). Therefore, this court dismisses Count 3 of the complaint.

2. Counts 4, 5 and 8
The FTCA provides an exception to the United States' waiver of sovereign immunity for "[a]ny claims arising out of ... interference with contract rights." 28 U.S.C. § 2680(h). If conduct falls within this exception, the court lacks subject matter jurisdiction over the action, and it must be dismissed. Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
This exception on its face bars Counts 4 and 5 which seek damages for "intentional interference with contractual relations" and "negligent interference with contractual relations."
In addition, Count 8, which asserts a claim for conspiracy to interfere with prospective economic advantage should be dismissed. The majority of courts that have considered this issue have held the exception applicable to prospective contractual relations as well as existing contracts, reasoning that it would be illogical to hold the United States liable for interfering with the mere expectancy of entering a contract, but not liable for interfering with an existing contract. See, e.g., Art-Metal-U.S.A., Inc. v. United States, 753 F.2d 1151, 1155 (D.C.Cir.1985) (collecting cases at n. 5). And although the Ninth Circuit stated in dicta in Builders Corp. of America v. United States, 259 F.2d 766, 769 (9th Cir. 1958) that "[t]here may be doubt that interference with a prospective advantage falls within the statutory exception," this court finds that the current legal trend is to the contrary. Therefore, counts 4, 5, and 8 are DISMISSED.

3. Count 7
Count 7 purports to state a claim against the United States under the California antitrust statute, the Cartwright Act. However, the California courts have *689 uniformly recognized that governmental entities are not "persons" within the meaning of the Cartwright Act and that such entities are, therefore, not subject to liability under the Act. See, e.g., Blank v. Kirwan, 39 Cal.3d 311, 323, 703 P.2d 58, 65, 216 Cal.Rptr. 718, 725 (1985). Therefore, Count 7 is dismissed as well.

C. The New Claims
Plaintiffs argue that there are other claims in their complaint which are meritorious. This court agrees with the defendants that these claims are not properly pled and should be the subject of a motion to amend. However, as these new claims also suffer major legal flaws, the court chooses to address their merits at this time.

1. Contract claims
Plaintiffs claim in their opposition that some of claims 3 through 8 sound in contract, not tort. However, with respect to law suits filed against the United States, contract claims are covered by the Tucker Act, 28 U.S.C. § 1491, which places jurisdiction in the United States Claims Court when the claim exceeds $10,000. As plaintiffs seek damages in excess of $10 million, the purported contract claims are not properly before this court.

2. The new common law tort claims
Plaintiffs also argue that claims for negligent hiring and supervision of the examination staff, malicious prosecution and abuse of process, and intentional infliction of emotional distress appear in their complaint.
However, as discussed supra, the federal government's exercise of its regulatory and supervisory functions over insured financial institutions does not give rise to an actionable tort duty in favor of the regulated institution or its shareholders. Therefore, the negligent hiring and supervision claim must fail.
In addition, under the FTCA only "investigative or law enforcement officers" can be subject to suits for malicious prosecution or abuse of process. 28 U.S.C. § 2680(h). Plaintiffs try to argue that because the examiners "seiz[ed] ... Saratoga's documents" and because Saratoga's contract with the FSLIC "gave the FSLIC the power to execute searches and seize evidence from its insured savings institutions" that the examiners are, in effect, investigative or law enforcement officers. However, Saratoga voluntarily agreed, as a condition to obtaining FSLIC insurance of its accounts, to furnish or permit the FSLIC to have access to such information or reports as the FSLIC may require. Nowhere in the application for insurance is there a provision which authorizes FSLIC examination personnel to search for or seize evidence from the thrift's records or to make arrests.
Furthermore, the intentional infliction of emotional distress claim of Mr. and Mrs. Rodrigues must be dismissed because the allegations in the complaint only relate to what happened to Saratoga. Mr. and Mrs. Rodrigues are not even mentioned except for the allegation that they own all the stock of Saratoga's parent company. The gist of their claim is interference with prospective economic advantage which is barred under the FTCA as a claim "arising out of ... interference with contract rights." 28 U.S.C. § 2680(h).

3. The new statutory and constitutional claims
Plaintiffs also allege that their complaint contains some new federal statutory and constitutional claims.[6]
First, plaintiffs claim a due process violation because of the unlawful delegation. However, as discussed supra, the delegation was proper.
Second, plaintiffs contend that they allegedly suffered retaliation in response to Saratoga's exercise of its "First Amendment Right to seek the assistance of its political representatives." However, there is no allegation anywhere that Saratoga ever contacted any "political representative" nor that any individual defendant took any retaliatory action. In addition, *690 federal officials sued for damages on constitutional or federal statutory claims would be entitled to the protection of qualified immunity as recognized in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and its progeny.
Third, plaintiffs assert a private right of action under the federal criminal conflicts of interest statute, 18 U.S.C. § 208. However, that statute creates no private right of action. City and County of San Francisco v. United States, 443 F.Supp. 1116, 1124-25 (N.D.Cal.1977), aff'd, 615 F.2d 498, 500 (9th Cir.1980). Likewise, plaintiffs do not have a private right of action under the National Housing Act. City of Rohnert Park v. Harris, 601 F.2d 1040, 1046 (9th Cir.1979), cert. denied, 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).

CONCLUSION:
For the foregoing reasons, the complaint is DISMISSED. Because the crux of plaintiffs' complaint is barred as a matter of law, this dismissal is with prejudice.
IT IS SO ORDERED.
NOTES
[1] All of the individual defendants are alleged to occupy positions that involve supervision or examination of thrifts insured by the Federal Savings and Loan Insurance Corporation ("FSLIC").
[2] In their opposition brief, plaintiffs allege that their complaint also contains the following claims: 1) negligent hiring and supervision of the examination staff; 2) malicious prosecution and abuse of process; 3) intentional infliction of emotional distress, 4) violation of the criminal conflicts of interest statute and 5) some constitutional claims which appear to involve an unlawful delegation and a First Amendment violation.
[3] Such alleged improper delegation supposedly nullifies the cease-and-desist order that bars Saratoga from violating certain FHLBB regulations and from engaging in unsafe and unsound practices. However, after the FHLBB issued the cease-and-desist order, Saratoga timely appealed to the Ninth Circuit where the matter is still pending. The National Housing Act vests in the Courts of Appeals exclusive jurisdiction to review the FHLBB's order and further explicitly precludes federal district courts from taking any action other than enforcing valid and outstanding cease-and-desist orders. 12 U.S.C. § 1730(j)(2). Therefore, this court has no jurisdiction to nullify the order.
[4] Saratoga also alleges that the FHLBB's agents unlawfully disclosed confidential information obtained in examinations and seeks to enjoin the FHLBB from any release of such information. However, FHLBB information (such as any reports of examination, underlying examiners' notes and workpapers, and supervisory correspondence) has been held to be the exclusive property of the FHLBB. Colonial Savings and Loan Ass'n v. St. Paul Fire & Marine Insurance Co., 89 F.R.D. 481, 483 (D.Kan.1980). The courts have recognized the FHLBB's discretion to release or withhold such information as it sees fit. Id.; Overby v. United States Fidelity and Guaranty Co., 224 F.2d 158 (5th Cir.1955).
[5] In addition, Count 6, alleging violations of the Sherman Antitrust Act, must be dismissed against the individual defendants. "[T]he United States, its agencies and officials, remain outside the reach of the Sherman Act." Sea-Land Service, Inc. v. Alaska Railroad, 659 F.2d 243, 246 (D.C.Cir.1981).
[6] The Tort Reform Act mandates substitution of the United States in place of individually-named federal officials on all claims except those which arise under the United States Constitution or federal statute. 28 U.S.C. § 2679(b)(2). Therefore, were these claims to be viable, the individual defendants would still be parties to this suit.